[Crim. No. 4046. In Bank.—December 17, 1936.]

THE PEOPLE, Appellant, v. DONALD A. ROTHROCK, Respondent.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Donald A. Rothrock, *in pro. per.*, Josiah Coombs, James E. Fenton and Kirtland I. Perky for Respondent.

THOMPSON, J.—This is an appeal by the People from an order of the trial court purporting to set aside the verdict or finding of the court that defendant was guilty on two counts of attempted murder and one of assault with a deadly weapon and continuing the case for arraignment and plea. The order is quite unusual, and we shall recite the proceedings which led up to it in order to present an understandable view of the entire situation. The information was in three counts, the first two charging attempted murder and the other assault with a deadly weapon. The defendant was arraigned and pleaded not guilty. Subsequently he asked for a continuance and that he be permitted to enter an additional plea of not guilty by reason of insanity. On the day the affidavit in support of the request was filed the trial judge disclosed that he entertained a doubt concerning the defendant's sanity; ordered the proceedings suspended and that the defendant be put to trial to determine his sanity.

A trial was had upon that question and defendant was found to be sane. Thereafter, and after waiving a trial by jury and withdrawing his request to enter the additional plea, a trial on the merits was had at the conclusion of which the court announced that he found the defendant guilty of all three counts. Subsequently, and on January 30, 1936, the defendant filed what he denominated "objections to fatally defective verdict" urging that the defendant was not competent to enter a plea of not guilty and that the plea was vacated and set aside by the order which suspended proceedings for the purpose of inquiring into his sanity and hence he went to trial without such or any plea. On February 1st, in accordance with an oral notice, the defendant gave notice that he intended to move for a new trial upon several of the statutory grounds. However, on the day when the objections were to be heard and the motion for new trial made, the defendant refused to submit or make the motion for a new trial, but insisted that the court rule upon his objections to the verdict. This the court did by the order already described and gave his reason as follows: "I vacated the verdict entered by the court on his objections to the entry of the verdict, and I am doing it because no legal plea had been interposed at the time of the trial, upon the theory that the first plea of not guilty had been superseded by the order to test his sanity, and his sanity having been tested, and that issue having been disposed of, he should have been rearraigned."

The first contention advanced by the respondent is that the order is not an appealable one. We cannot, however, agree with him. In the case of *People* v. *Tomsky*, 20 Cal. App. 672 [130 Pac. 184], a similar order was under consideration and the same contention advanced. In that case, however, no plea had been interposed. The court analyzed the order and concluded that its effect, although no motion for a new trial had been made, was to grant a new trial. It determined the order was appealable and reversed it. We denied a hearing. The ruling was undoubtedly correct. We would have a similar case if the court of its own motion, without application of the defendant should attempt to grant a new trial. It can hardly be doubted that such an order would be appealable. A new trial is a reexamination of the issue in the same court (sec.

1179, Pen. Code) after a trial and verdict. What we intend to declare is that whenever such a reexamination is ordered, it is, within the contemplation of section 1238 of the Penal Code, the granting of a new trial from which the People may appeal.

With appellant's assertion that the court wrongfully and erroneously made the order we must agree. The plea entered by the defendant was never vacated. The proceedings were suspended but they remained exactly as they were until the question of the defendant's sanity was determined. Section 1368 and section 1370 of the Penal Code, leave no room for doubt that the legislature intended that at whatever point in the trial the doubt should arise, the proceedings should stand suspended until a trial of that issue, but when the defendant should be found sane they should be taken up at that point and the case proceed. For example, in section 1370 of the Penal Code, it is said in part: "If the jury finds the defendant sane, the trial must proceed, or judgment be pronounced, as the case may be." The whole tenor is that trial is interrupted but that which has gone before is not vacated and set for naught.

It is suggested, however, that inasmuch as notice of intention to move for a new trial was given, and the court did not pass thereon within the time provided for in section 1191 of the Penal Code, the defendant was of right entitled to a new trial under section 1202 thereof. But this argument proceeds upon a false premise. There was in fact no motion made for a new trial, the notice of motion is not the motion itself and is not sufficient to require the court to pass upon it. (See *People* v. *Skoff*, 131 Cal. App. 235, 239 [21 Pac. (2d) 118].) In this case the defendant not only made no motion but declined and refused to submit the motion. The last-cited case declares, and rightly so, that the court may not grant a new trial of its own motion. This is also clear from a reading of section 1181 of the Penal Code, which provides that the court may make such order upon the *"application"* of the defendant. (See, also, *People* v. *Amer*, 151 Cal. 303 [90 Pac. 698].)

The cause is not argued on the merits of the case and properly so. When judgment is entered the defendant will, of course, be entitled to an appeal therefrom. Upon the contention already discussed that the order is not an ap-

pealable one, the respondent has interposed a motion to dismiss. It follows from what we have said that the motion should be and it is hereby denied; the order is reversed and the cause remanded to the trial court with instructions to enter judgment in accordance with the finding of the court.

Shenk, J., Seawell, J., Langdon, J., Curtis, J., and Edmonds, J., concurred.