[Crim. No. 2967. Second Appellate District, Division Two.—May 20, 1937.]

THE PEOPLE, Respondent, v. DONALD A. ROTHROCK, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD, J.—Defendant was charged in an information in three counts with the crimes of attempted murder of Golda Draper, attempted murder of John H. Ganzenhuber and assault with a deadly weapon upon George Zeras. Upon a trial without a jury he was found guilty of all three charges and now appeals from the judgment.

The crimes were committed on September 12, 1935, at a restaurant in Los Angeles at which Golda Draper was employed as a waitress. On two occasions before September 12th, defendant had been a customer at the restaurant and the last time he was in the restaurant Miss Draper refused to serve him and asked him to leave because of his misconduct. At that time defendant became abusive and attempted to strike

Miss Draper with a cane. On leaving the premises he told Miss Draper that he would "get" her. On the occasion of the commission of the crimes Miss Draper was engaged in her duties when she was shot in the back by defendant. The bullet passed through Miss Draper's body and entered the arm of Ganzenhuber, who at the time was being served by Miss Draper. At that time she did not see defendant. Immediately after the shot was fired George Zeras, the proprietor of the restaurant, followed defendant to the sidewalk, whereupon defendant ordered Zeras to keep away from him and menaced him with a revolver. Zeras sought shelter in the entrance to a barber shop near by and defendant ran down the street and entered a waiting automobile. Before the shooting the defendant had engaged the services of one Redell, a taxicab driver. After the shooting defendant entered the car and pointed a gun at Redell, directing him to drive down a dark street and stay away from traffic. He told Redell that he had shot a man who had thrown a milk bottle at him. Later that evening defendant was arrested in a hotel and told the arresting officer that his name was Jones. The officer discovered an empty revolver holster upon the person of defendant and asked him where the gun was, to which defendant replied that he did not know. The officer searched the room and found the gun concealed under a mattress. At that time the gun contained six shells, five of which were loaded and one had been discharged. Defendant told the officer that he had shot the girl because she had been mean to him and had taken a bowl of soup away from him.

Defendant contends that the court erred in declining to pass upon his motion for a new trial. This point has already been disposed of upon a former appeal. (*People* v. *Rothrock,* 8 Cal. (2d) 21 [63 Pac. (2d) 807].) The unusual proceedings leading up to the point of judgment are set forth in the opinion on that appeal. The Supreme Court entertained an appeal by the prosecution from an order of the trial court vacating the verdict and in reversing the order it was held that although defendant refused to make a motion for a new trial the order actually made by the trial court was in effect the granting of a new trial. The cause was remanded to the trial court "with instructions to enter judgment in accordance with the finding of the court".

Before the trial a doubt arose as to the sanity of defendant and upon proceedings conducted under section 1368 of the Penal Code defendant was found to be sane. Upon commencement of the trial of the charges set forth in the information counsel for defendant announced that the defense was to be under subdivision 5 of section 26 of the Penal Code and that the defendant in committing the acts charged did so "without being conscious thereof". Defendant now argues that the court erred in denying him the right to be tried on the ground of "not guilty by reason of insanity". This contention is disposed of by the decision of the Supreme Court above referred to wherein it is pointed out that defendant withdrew his request to enter the plea of not guilty by reason of insanity.

Upon the present appeal by defendant from the judgment it is contended that the evidence is insufficient to establish guilt on count two of the information, in which the attempted murder of Ganzenhuber is charged. There is sufficient evidence in the record to sustain the implied finding of the court that the specific intent to murder had been proved. Specific intent as an element of a crime may be proved by showing circumstances surrounding the act from which it may be inferred by the court as a trier of facts. Direct proof is not required but the circumstances must be such as would justify the court in inferring the intent with which the act was done. (*People* v. *Maciel,* 71 Cal. App. 213 [234 Pac. 877].) The fact that the intent to kill may have been directed towards Miss Draper did not the less make the crime complete as regards the charge of attempting to murder Ganzenhuber. "Where one intends to assault or kill a certain person, and by mistake or inadvertence assaults or kills another in his stead, it is nevertheless a crime, and the intent is transferred from the party who intended to the other." (*People* v. *Wells,* 145 Cal. 138, 140 [78 Pac. 470, 471].)

Complaint is made of the ruling of the trial court refusing to permit a continuance for the purpose of securing testimony from a physician that defendant had "a predisposition to mental trouble". It is provided in section 1016 of the Penal Code that a defendant who does not plead guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged. (*People* v. *Methever,* 132 Cal. 326 [64 Pac. 481].) In the

Methever case subdivision 5 of section 26 of the Penal Code was given consideration and it was there held that the subdivision in question does not contemplate cases of unsound mind but that only cases of sound mind are contemplated, such as those involving somnambulists or persons suffering with delirium from fever or drugs. Since the plea of not guilty by reason of insanity had not been entered the court was justified in its ruling that the general mental condition of defendant was not an issue before the court. The court made no ruling rejecting evidence that the defendant was not conscious of his acts.

▉ Defendant also contends that the conviction must be reversed because of a former adjudication of insanity, not made in the present proceedings. There is no merit in this contention. A former adjudication of insanity is not decisive of the question of the insanity of a person at the time of the commission of a crime. To avail himself of the defense of insanity a defendant must prove by a preponderance of the evidence that at the time of the commission of the crime charged he was mentally deranged to the extent of being incapable of distinguishing between right and wrong in relation to the acts set forth in the information. Such proof could have been presented under a plea of not guilty by reason of insanity but no such plea was entered.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1937.