[Crim. No. 4200. In Bank.—July 12, 1939.]

In the Matter of the Application of DONALD A. ROTH-ROCK for Writs of Audita Querela and Coram Nobis, etc.

[Crim. No. 4201. In Bank.—July 12, 1939.]

In the Matter of the Application of DONALD A. ROTH-ROCK for a Writ of Habeas Corpus.

[Crim. No. 4046. In Bank.—July 12, 1939.]

THE PEOPLE, Appellant (Respondent) v. DONALD A. ROTHROCK, Respondent (Petitioner).

Donald A. Rothrock, *in pro. per.*, Josiah Coombs, Peggy Halloran and J. M. Frame for Petitioner.

Earl Warren, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

THE COURT.—By this consolidated proceeding, the applicant, Donald A. Rothrock, has moved and petitioned this court for writ of *coram nobis,* writ of *audita querela,* writ of *habeas corpus,* writ of *certiorari,* recall of *remittitur,* revocation and annulment of judgment, *subpoena duces tecum,* production of documents, permission to appear and testify, and other and further relief. Uncertain of his remedy, petitioner has couched his plea in these various forms, but the allegations in each instance are identical, and the prayer in substance is that, regardless of form, he be given the relief to which the facts entitle him.

The relief sought, and the full measure thereof, may be accorded petitioner on his motion to recall the *remittitur.* This is the form of remedy available for correction of the type of error of which he complains. No greater scope of relief can be procured by means of his various other motions and petitions, and they must therefore be denied. The proceeding, in the discussion which follows, will be treated as a motion to recall the *remittitur.*

The history of this cause is related in prior decisions. (*People* v. *Rothrock,* 8 Cal. (2d) 21 [63 Pac. (2d) 807] ; *Peo-*

*ple* v. *Rothrock*, 21 Cal. App. (2d) 116 [68 Pac. (2d) 364].) On January 22, 1936, after a trial by the court on the merits, jury being waived, petitioner was found guilty on two counts charging attempted murder, and a third count charging assault with a deadly weapon. His counsel immediately interposed an oral motion for a new trial. On January 31st the date fixed for hearing that motion, petitioner *in propria persona* filed "Objections to Fatally Defective Verdict", and there was also a substitution of attorneys. On February 1st petitioner's new counsel filed a written notice of intention to move for a new trial, probably in ignorance of the fact that an oral motion had already been made. The objections and the motion, after continuances, were finally set for hearing on March 6th. On that day, at a session held hurriedly before giving way to another trial, counsel presented his argument upon the objections to the verdict and expressed his readiness to argue the motion for new trial. Time would not permit of the latter argument, and the question of continuance was discussed. The court stated that it was his purpose to grant the motion for new trial, if counsel would submit it. Counsel, however, objected to arguing it before hearing the court's ruling on the objections to verdict, or to submitting it without argument. The court finally concluded the prolonged colloquy with the statement: "We will just obviate all that; the so-called objection to the verdict of the court is sustained; the proceedings at the trial are vacated, and the defendant is remanded to the Master Calendar Department for re-pleading."

From this order an appeal was taken by the People, with the result that upon hearing by this court the order was "reversed and the cause remanded to the trial court with instructions to enter judgment in accordance with the finding of the court". (*People* v. *Rothrock*, 8 Cal. (2d) 21 [63 Pac. (2d) 807].) The direction to enter judgment of conviction was predicated upon the mistaken belief, expressed in the opinion, that no motion for new trial had been made. Pursuant to the mandate of the *remittitur* embodying the erroneous direction, the trial court entered judgment, and petitioner appealed therefrom. On appeal the judgment was affirmed. *People* v. *Rothrock*, 21 Cal. App. (2d) 116 [68 Pac. (2d) 364].)

By the present proceeding no attack is made upon the decision of this court or the *remittitur* thereafter issued, in so far as reversal of the order sustaining objections to the verdict is concerned. The adjudication that that order was wrongful and erroneous is unassailable. But petitioner does challenge that portion of the decree and the *remittitur* which remanded the cause with instructions to the trial court to enter judgment of conviction. He contends that the cause should have been remanded for a new trial, and from the failure to so direct a miscarriage of justice has resulted. He urged, when the cause was before this court, that because the trial court had not passed upon his motion for new trial within the time provided in section 1191 of the Penal Code, he had become of right entitled to a new trial under section 1202 of said code. He made the same argument at the hearing had on return of the *remittitur* to the trial court; he demanded and moved for new trial, for arrest of judgment, or for alternative relief. That court, however, announced that it considered the mandate of the *remittitur* of this court to be binding upon it, and that it was thereby precluded from taking any action other than to enter judgment as directed. After entry of the judgment and upon the appeal therefrom on the merits, petitioner again asserted his right to a new trial, but the District Court of Appeal refused to consider the point on the ground that it had theretofore been determined by this court (*People* v. *Rothrock*, 21 Cal. App. (2d) 116 [68 Pac. (2d) 364]). Petitioner next sought relief through an application for writ of *habeas corpus* (Crim. No. 4187), which was denied. Thereafter he instituted the present proceeding, wherein he has moved that this court recall and correct its *remittitur*. It is apparent that he has been vigilant in urging his claim.

The ground of the motion to recall the *remittitur* is that the judgment of this court was improvidently granted under a mistake of fact, a mistaken belief that no motion for new trial had ever been made, whereas the fact of the matter is, as above stated, that at the close of the trial, immediately after the court announced its finding of guilt, petitioner's then counsel moved orally for a new trial. His request is reported at page 321 of the Reporter's Transcript as follows: "If your Honor please, at this time I interpose a motion for a new trial

upon all the statutory grounds and request that the time of passing judgment be deferred.''

That this court was unaware of the making of the motion at the time it rendered its decision (*People* v. *Rothrock,* 8 Cal. (2d) 21 [63 Pac. (2d) 807]), is shown by its discussion of petitioner's contention that he was of right entitled to a new trial. The opinion states: ''But this argument proceeds upon a false premise. There was in fact no motion made for a new trial, the notice of motion is not the motion itself and is not sufficient to require the court to pass upon it. . . . In this case the defendant not only made no motion but declined and refused to submit the motion. . . . '' Again, in setting forth the facts of the case, it is said: ''However, on the day when the objections were to be heard and the motion for new trial made, the defendant refused to submit or *make* the motion for a new trial, but insisted that the court rule upon his objections to the verdict.''

The remarks quoted explain the manner in which this court was misled. The written notice of motion which was filed by new counsel, after interposition of the oral motion by former counsel, is the document referred to in the statement of the opinion that ''the notice of motion is not the motion itself''. The change of counsel, the filing of the written notice without reference to the prior oral motion, and the later refusal to argue and submit the motion prior to ruling on the objections to the verdict all tended to confuse the record, and easily led the reader of the transcript to conclude that no motion had actually been made. But for the oversight, this court would undoubtedly have held that petitioner was entitled to a new trial, and would have remanded the cause therefor. There is no doubt that petitioner suffered prejudice by the error. The trial court considered that he had good ground for a new trial, and expressed his intention to grant the motion therefor when counsel submitted it. Had not the attempt been made to reach the same end by sustaining objections to the verdict, petitioner would probably have had his new trial.

A mistake of fact on the part of an appellate court which results in prejudicial error or a miscarriage of justice affords a proper ground for recall and correction of the *remittitur.* This is well settled. Exceptions to the general rule that an appellate court loses all control and jurisdiction over a cause after the *remittitur* has been issued by its order

and filed in the court below, were declared in this state in 1864, in the case of *Rowland* v. *Kreyenhagen,* 24 Cal. 52. It was there said: " . . . This general rule rests upon the supposition that all the proceedings have been regular, and that no fraud or imposition has been practiced upon the court or the opposite party; for if it appears that such has been the case, the appellate court will assert its jurisdiction and recall the case. Against an order or judgment improvidently granted, upon a false suggestion, or *under a mistake as to the facts of the case,* this court will afford relief after the adjournment of the term; and will, if necessary, recall a *remittitur* and stay proceedings in the court below. This is not done, however, upon the principle of resumption of jurisdiction, but upon the ground that the jurisdiction of the court cannot be divested by an irregular or improvident order. In contemplation of law, an order obtained upon a false suggestion is not the order of the court, and may be treated as a nullity. If, under color of such an order, the proceedings have in part found their way back to the court below, yet in law they are considered as still pending in the appellate court, and that court may take such steps as may be necessary to make the fact and law agree." This doctrine is quoted with approval in *Trumpler* v. *Trumpler,* 123 Cal. 248 [55 Pac. 1008], and *Isenberg* v. *Sherman,* 214 Cal. 722 [7 Pac. (2d) 1006.]

In a note in 23 California Law Review, at page 354, which digests numerous authorities on the subject, the following conclusion is expressed: "It would appear from these cases that a *remittitur* will be recalled when, but only when, inadvertence, mistake of fact, or an incomplete knowledge of all the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in an unjust decision."

In *State* v. *Ramirez,* 34 Idaho 623 [203 Pac. 279, 29 A. L. R. 297], a criminal case wherein the defendant had been convicted of murder and his punishment had been fixed by the jury at death, the Supreme Court of the State of Idaho had under consideration the question of its power to recall a *remittitur.* The ground urged in support of the motion to recall was "that counsel failed to fully brief and argue the question of the power of this court to modify the judgment by reducing the penalty to life imprisonment, and that this court

was led into error by reason of a suggestion that it was without such power". After reviewing authorities from many jurisdictions, and quoting the doctrine of *Rowland* v. *Kreyenhagen, supra,* as being in conformity with the preponderance of judicial authority, the court concluded that a proper case for the exercise of its power to recall and correct its mandate was presented, saying: "This court, upon respondent's suggestion, assumed, although it did not decide, that it had no power to reduce the penalty fixed by the jury. We do not mean to be understood as inferring that fraud or imposition was practiced upon this court by either of the parties connected with the cause, but if the court fell into error it was by reason of the fact that counsel failed to properly brief and present the question now under consideration. The questions involved here are of the utmost importance to appellant, and every consideration of justice demands that this court determine its power both to recall the *remittitur* and to reduce the punishment in this case, and that the punishment be reduced if the facts do not warrant the imposition of the death penalty. While the circumstances of this case do not require the adoption of so broad a rule as is followed in New York or Oklahoma, yet there is ample authority to justify us in holding that this court retains jurisdiction of an appeal, during the term at which a judgment is rendered, where such judgment was inadvertently given in consequence of a false suggestion. . . . " (See, also, *Municipal Bond Co.* v. *City of Riverside,* 138 Cal. App. 267 [32 Pac. (2d) 661]; *Haydel* v. *Morton,* 28 Cal. App. (2d) 383 [82 Pac. (2d) 623]; 2 Cal. Jur., p. 1068, sec. 634; note 84 A. L. R. 579, 591 et seq.; 3 Am. Jur., p. 754, par. 1264; 5 Cor. Jur. Secundum, p. 1561, sec. 1996.)

■ From the foregoing discussion it follows that if, at the time the cause was before this court on appeal from the order sustaining objections to the verdict, petitioner was correct in his contention that he was entitled to a new trial, the *remittitur* should now be recalled and corrected to accord him this right.

■ Upon that appeal it was urged by the People that a defendant may not move for a new trial in a felony case tried by the court without a jury. We cannot subscribe to the view that a waiver by a defendant of his right to a trial by jury constitutes a waiver of his right to move for a new trial.

Where a jury is waived, the finding of the court is substituted for the jury verdict, but this substitution does not affect the applicability of the code provisions prescribing the procedure for new trial. So, in the present case, the motion for new trial was duly made; the court did not pass thereon within the time provided by section 1191 of the Penal Code; petitioner, having been prejudiced by the failure to have the motion determined, is now entitled to a new trial under section 1202 of said code.

All motions and petitions presented in this proceeding, other than the motion to recall the *remittitur*, are denied. The motion to recall the *remittitur* is granted. The *remittitur* heretofore issued on January 18, 1937, is recalled. There is stricken therefrom the order that the cause be "remanded to the trial court with instructions to enter judgment in accordance with the finding of the court", and for the words so stricken the following are substituted: "remanded to the trial court for a new trial".