[Crim. No. 453.   Fourth Appellate District.—April 16, 1940.]

THE PEOPLE, Appellant, v. MANUEL ESPINOLA, Respondent.

Earl Warren, Attorney-General, Eugene M. Elson, Deputy Attorney-General, James B. Abbey, District Attorney, and Seymour Wurfel, Deputy District Attorney, for Appellant.

Edward L. Davin for Respondent.

BARNARD, P. J.—The defendant was charged with grand theft in each of five counts of an indictment returned by the grand jury of San Diego County. Two counts of the indictment were dismissed during the trial, and the jury brought in a verdict of not guilty with respect to two other counts and a verdict of guilty of the charge contained in the fifth count. The defendant moved for a new trial upon various grounds, including the insufficiency of the evidence, and the motion was granted on that ground. From the order granting a new trial the People have appealed.

The appellant contends that the order appealed from should be reversed because an abuse of discretion appears in that the trial court, in fact, granted a new trial because of its erroneous conception of the law and not because of any insufficiency in the evidence. The appellant relies upon the case of *People* v. *Rothrock,* 8 Cal. (2d) 21 [63 Pac. (2d) 807], and *People* v. *Skoff,* 131 Cal. App. 235 [21 Pac. (2d) 118], in support of its contentions. In the first of these cases, the court entered an order purporting to set aside a conviction after stating his reason therefor, which was that no legal plea had been entered. On appeal, it was held that a plea had been properly entered and that the order was erroneous, the court stating that the order was similar in effect to the granting of a new trial on the court's own motion, which could not be done. It fully appears in that case that the sufficiency or insufficiency of the evidence had nothing to do with the making of the order. In the second of the cited cases, a motion for a new trial was made on various grounds which did not include that of the insufficiency of the evidence. A new trial was granted on the sole ground that a certain matter of evidence had been erroneously admitted, although later stricken, and "because the evidence in the absence thereof was not sufficient to warrant a conviction". After stating that the trial court was without authority to

grant a new trial on the ground of the insufficiency of the evidence since it had not been applied for upon that ground, and that a new trial had been granted not on the ground of lack of evidence but because of error in the admission of evidence, the appellate court reversed the order on the ground that there had been no error in the admission of the evidence in question and that, aside therefrom, there was sufficient evidence to support a conviction.

In seeking to bring the instant case within the rules applied in the two cases above referred to, the appellant refers to certain remarks made by the trial court in passing upon the motion for a new trial and just before the order was made. In those remarks, the court stated that the proceeding against the respondent was initiated by a grand jury indictment and not by a complaint brought by the membership or officers of the union, the funds of which the respondent was charged with taking; that any person or association may ratify the acts of its agent and, in so far as the evidence disclosed, what the respondent did had not been disapproved of by the union; that probably the verdict was a compromise on the part of the jury; and that the evidence was weaker with respect to a count on which he was found not guilty than it was concerning the count on which he was found guilty. It is argued that by referring to these four matters the court indicated that it had an erroneous conception of the law in connection therewith, and that it made the order complained of because of such misconceptions of law and not because of any insufficiency in the evidence.

The contention made cannot be sustained. While it appears that the court referred to the four matters above set forth, it also appears that these references were made in connection with the court's weighing of the evidence and by way of pointing out certain inconsistencies therein. In the course of his remarks and after referring to these matters the court said: ''I am of the opinion the verdict is unfair upon all of the facts and circumstances of the trial,'' and, after another remark upon the constitutional rights of the respondent, the order was made granting a new trial ''on the ground of the insufficiency of the evidence''. It may be here observed that while there was sufficient evidence to support a conviction upon the count here in question there was also evidence, given by the respondent by way of explanation,

to the effect that he had used the money in question for the benefit of the union and in carrying out his duties as its business agent, which evidence, if believed, would call for an acquittal as to this count.

■ It is well settled that an order granting a new trial in such a case may not be disturbed where the record discloses a conflict in the evidence (*People* v. *Ostrander*, 23 Cal. App. 241 [137 Pac. 619]) and, further, that such an order may not be disturbed in the absence of a clear showing of an abuse of the wide discretion vested in the trial judge. (*People* v. *Mattmueller*, 25 Cal. App. (2d) 418 [77 Pac. (2d) 504].) We may say here as we said in the case last cited: "For all that appears the trial judge may have disbelieved the testimony offered by appellant's witnesses or he may have concluded that the explanation given by respondent and his witnesses raised a reasonable doubt of respondent's guilt. These were matters which were confided to his discretion and it may not be declared from the record here presented that he abused such discretion."

It sufficiently appears that the order appealed from was made because of the trial court's conclusion that the evidence was not sufficient to establish the guilt of the respondent beyond a reasonable doubt, and not because of any erroneous views of law entertained by the trial judge. Moreover, no abuse of discretion appears.

The order is affirmed.

Marks, J., and Griffin, J., concurred.