[Crim No. 939.   Fourth Dist.   Aug. 7, 1953.]

THE PEOPLE, Appellant, v. CORLEEN C. CRESWELL, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, Lowell E. Lathrop, District Attorney, and Robert J. Bierschbach, Assistant District Attorney, for Appellant.

Julius J. Novack for Respondent.

BARNARD, P. J.—The defendant was charged with arson and, in a second count, with burglary. A jury found her guilty of arson and not guilty on the second count. The People have appealed from an order granting her motion for a new trial.

The fire in question occurred in a building in Big Bear, and was reported to the fire department at 12:48 a.m. on June 2, 1952. Two witnesses, who admitted that they set the fire, testified at the trial that they had done so at the request of the defendant, giving the details in that connection and telling where they had all gone and what they had done over a period of several hours, including the time the fire must have been set. The places mentioned were all within a short distance of where the fire occurred. Aside from the testimony of these admitted accomplices there was no direct evidence connecting the defendant with the setting of the fire. The motion for a new trial was presented and argued solely on the question as to whether the testimony of the accomplices was sufficiently corroborated.

The appellant contends that in passing upon this issue the

court applied standards contrary to those used in *People* v. *Trujillo,* 32 Cal.2d 105 [194 P.2d 681], and other cases in which the corroborative evidence was held sufficient; that this resulted in an improper holding that the evidence in this case was not sufficient, legally to constitute corroboration; and that the evidence here was stronger than that held to be sufficient in some of the cases cited.

In the cited cases a new trial had been denied, and a factual finding was being reviewed. The evidence which the appellant relies on as legally sufficient to show corroboration is respondent's admission that she was with the accomplices at all times that night except for a few minutes about 12 midnight; her denial that she had told a witness that she arrived home at 1 a.m. and her later admission that she had told him this; her statements to an investigator including: "I suppose they are blaming us Indians for setting that place on fire" at a time when no one had been accused of setting the fire, another, that the owner of the burned building was "no good," and a third reflecting on his ancestry; her statement to another witness indicating that she might have hidden an article which the accomplices testified she had taken from the burning building; her statement that she saw one Betterly drive onto the highway as she returned to her home with the accomplices at 1 a.m.; and Betterly's testimony that when he heard the alarm he drove onto the highway in front of respondent's home and proceeded to the fire.

█ Whether or not there was sufficient corroborating evidence here was primarily a question of fact for the trial court. An appellate court cannot appraise the weight of the evidence and can only review it for its legal sufficiency. (*People* v. *Sarazzawski,* 27 Cal.2d 7 [161 P.2d 934].) █ In that case, the court said "An appellate court cannot order a new trial on the ground of insufficiency of the evidence if there is any substantial evidence by which the verdict can be supported. . . . █ But a trial court can grant a motion for new trial where the evidence is legally sufficient and even where the only evidence is that of the prosecution." █ A defendant is entitled to two decisions on the evidence, one by the jury and another by the trial judge in passing upon a motion for a new trial; it is the duty of a trial judge to grant a new trial if he is not satisfied that the evidence is sufficient to sustain the verdict; and he has a wide discretion in this regard. (*People* v. *Cesena,* 18 Cal.App.2d 727 [64 P.2d 732]; *People* v. *Mattmueller,* 25 Cal.App.2d 418 [77 P.2d 504].) In the

latter case it was said: ''Even though the reader of the cold record might conclude that the evidence was ample to sustain the conviction, reversal of the order granting a retrial is not warranted.'' ▮ It is the duty of a trial judge to grant a new trial when he is of the opinion that one element of the offense has not been established by the evidence. (*People* v. *Nelson,* 36 Cal.App.2d 515 [97 P.2d 1043].)

▮ Appellant's main contention seems to be that the court granted this motion solely because of its erroneous conception of the law. This is based on the fact that during the argument of the motion, and while the rules established by the various cases were being discussed between court and counsel, the judge referred to another requirement of the rule and then said: ''They have to show a material connection between the defendant and the offense.'' A similar contention was made in *People* v. *Espinola,* 38 Cal.App.2d 482 [101 P.2d 545], where this court held that the remarks relied on were made in connection with the court's weighing of the evidence, that the record adequately disclosed that the motion was granted because the trial judge considered the evidence insufficient, and that it sufficiently appeared that the order was made because the evidence was considered insufficient to establish guilt beyond a reasonable doubt and not because an erroneous view of law was entertained by the judge.

The record here discloses the same situation. The discussion on the motion takes up 39 pages of the transcript and was confined to the matter of corroboration. Many cases were cited and quoted from by counsel on both sides, some of which were referred to by the court. The testimony of most of the witnesses was discussed, and the court asked many questions as to what the evidence actually was and its relation to other portions of the evidence. While the word ''material'' should not have been included in the remark relied on by the appellant, the entire record indicates that the trial judge had in mind the correct rules of law, and clearly discloses that he considered the evidence, with respect to corroboration, to be insufficient as a matter of fact. His final remark was to the effect that while the evidence was sufficient to arouse a suspicion ''that is as far as it goes,'' and that such a suspicion on his part was not sufficient to justify him in sending a person to prison. No abuse of discretion appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.