[Civ. No. 42782. Second Dist., Div. Four. Nov. 30, 1973.]

RAYMOND RIOS MARTINEZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

In re RAYMOND RIOS MARTINEZ on Habeas Corpus.

## COUNSEL

Richard S. Buckley, Public Defender, Howard Price, Donald Feinberg, Harold E. Shabo and Dennis A. Fischer, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Petitioner was duly charged in two cases with various narcotic offenses. The cases were consolidated and, after various court appearances, he agreed to submit the consolidated cases on the transcripts of the preliminary hearings in those cases. He was found guilty on count I of the consolidated information (a violation of Health & Saf. Code, § 11500.5), and guilty of a violation of section 11500 of that code, a lesser and included offense to that charged in count III of the consolidated information. His case was transferred to department 95 of the superior court where, after proceedings under section 3051 of the Welfare and Institutions Code, he was committed to the California Rehabilitation

Center. Thereafter he was returned from the center as unsuitable for treatment and criminal proceedings were resumed.

Petitioner claims that the proceedings outlined above were all pursuant to "an agreement" between the People and petitioner: ". . . whereby petitioner would withdraw his motions in each case to suppress evidence under Penal Code section 1538.5 and submit the matter of guilt or innocence to the court upon the transcripts of the preliminary hearings in cases A-282122 and 283521; it was further agreed that the court would find petitioner guilty as charged in count I and guilty of violation of Health and Safety Code section 11500 as a lesser and necessarily included offense to that alleged in count III of the amended information. Said bargained for plea agreement further specified that for conviction of the above offenses, criminal proceedings would be adjourned and petitioner would be certified to department 95 of the respondent court for the filing of a petition to commit petitioner to the Director of Corrections for confinement in the California Rehabilitation Center for narcotic addicts (see Welf. & Inst. Code, § 3051), but that if petitioner was thereafter excluded or rejected by the Director of Corrections from the narcotic treatment program (Welf. & Inst. Code, § 3053) and criminal proceedings subsequently resumed, petitioner would not be sentenced to state prison on counts I and III but would be granted probation conditioned inter alia upon a period of confinement in the county jail, and an alleged prior conviction would be stricken."

The parties have briefed and argued the case as though it were controlled by section 1192.5 of the Penal Code. In that they are in error. By its express terms, that section applies only "upon a plea of guilty or nolo contendere"; here there was no such plea, but a plea of not guilty followed by a submission. While, for the purpose of advising a defendant of the consequences of his action, such a submission is regarded as the equivalent of a plea of guilty, it is not so for all purposes. The case at bench, therefore, is governed not by the specific language of section 1192.5, but by general principles of due process.

In the briefs and arguments here, the People have denied that there ever was an "agreement" on the terms claimed by petitioner. The official records presented to us are not themselves persuasive of petitioner's claim. However, they do not, necessarily, foreclose the possibility that some such understanding may have been reached between the prosecutor and defense counsel and have been approved by the trial judge, either in chambers or otherwise, without being phonographically reported.

As the record before us now stands, petitioner has been lawfully committed for treatment under section 3051 of the Welfare and Institutions Code, has lawfully been returned from the Rehabilitation Center and criminal proceedings have lawfully been resumed. Whether those proceedings should result in a prison sentence or in probation, and whether petitioner should, *on his motion,*[1] be allowed at this date, to withdraw his submission and proceed to trial, are matters on which the trial court has not squarely passed.

It appears to be petitioner's contention that the superior court may do nothing more severe than grant probation conditioned upon his serving time in the county jail. The superior court judge before whom petitioner has been arraigned for judgment (who is not the judge who allegedly approved the "agreement") has indicated that he would not be bound by that limitation. The judge has also indicated his willingness to grant a motion to set aside the conviction, but petitioner's counsel has continued to insist upon a performance of the claimed promise of probation.

Some factual determinations must be made, and if necessary, evidence may be taken. If it appears that petitioner's agreement to submit on the transcript was induced by representations or promises made by the prosecution or the court which the court is not willing to carry out, petitioner may be entitled, upon his request, to have his conviction set aside, and receive a new trial. If it appears that petitioner's agreement was so induced, and that due to changed circumstances it would be impossible or unjust to restore the status quo ante, the superior court may determine that justice requires no more severe punishment than petitioner was led to expect.

Let a writ of mandate issue directing the superior court to hold a hearing to determine the nature of the representations and promises, if any, made by the prosecutor and the superior court to petitioner, and the extent of petitioner's reasonable reliance thereon, and to determine whether petitioner is entitled to have his conviction set aside (if he so requests) and whether it would be unjust under all of the circumstances

---

[1]Since a submission on the transcript of a preliminary examination is, procedurally, a trial, it follows that another trial, at this time, could be held only on motion of petitioner. (*People* v. *Rothrock* (1936) 8 Cal.2d 21, 24 [63 P.2d 807].) Since the time for the statutory motion for a new trial has expired (Pen. Code, § 1182) the motion would be of the non-statutory variety to vacate the judgment (see *People* v. *Shipman* (1965) 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993]; *People* v. *Gilbert* (1944) 25 Cal.2d 422 [154 P.2d 657]).

to punish petitioner in any way other than as represented to him before his conviction.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 18, 1973, and petitioner's application for a hearing by the Supreme Court was denied January 24, 1974.