462 So.2d 832 (1984)
Edward CALLAGHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-927.
District Court of Appeal of Florida, Fourth District.
December 19, 1984.
Rehearing and Rehearing Denied February 27, 1985.
*833 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 27, 1985.
DOWNEY, Judge.
Appellant, Edward Callaghan, was charged with two counts of attempted murder of his wife and infant son with a firearm and one count of child abuse by unlawfully permitting the mental or physical health of the child to be materially endangered contrary to section 827.04(1), Florida Statutes (1983). The court directed a judgment of acquittal on the child abuse count and the jury found Callaghan guilty of the lesser included offense of shooting in a dwelling on the other two counts.
In his written sentencing order the trial judge stated that he found:
clear and convincing reasons to warrant aggravating the guideline sentence under category 8, 45 points; to-wit: "any nonstate prison sanction" to a sentence of five (5) years imprisonment:
1. Defendant's action, discharging a rifle in the same room occupied by Nicholas Callaghan, age 10 months, placed said child, an innocent bystander, in significant danger of loss of life or limb.
2. Defendant used a firearm during commission of this offense.
Callaghan contends on appeal that the court erred 1) in entering judgment of conviction for two counts of shooting into a dwelling when he only fired one shot and 2) in sentencing him in excess of the sentencing guidelines.
The evidence adduced in support of the attempted murder counts showed that Callaghan put a rifle to his wife's head while she was holding their small child and told her he was going to kill both of them on the count of three. Just before he reached three, the wife moved her head, the gun fired, and the bullet missed the intended victims. The foregoing incident took place in the bedroom of the parties' residence. Callaghan denied that he intended to kill either victim, but he did admit firing the shot.
Even though Callaghan was found guilty on both counts of the lesser included offense of shooting in a dwelling, there can be only one adjudication of conviction. The episodic basis for the conviction was firing one shot in a dwelling. Had the state prevailed on its theory that Callaghan was guilty of attempting to murder both wife and child with the one shot the record would have sustained two attempted murder convictions. People v. Rothrock, 21 Cal. App.2d 116, 68 P.2d 364 (1937). But having been found guilty of only firing one shot in a dwelling, Callaghan could have been convicted of only one violation of section 790.19, Florida Statutes (1983). Therefore, Callaghan's first point has merit.
As indicated above, the trial court chose to depart from the sentencing guidelines provided in Florida Rule of Criminal Procedure 3.701 because 1) Callaghan had used a firearm during the commission of the crime, and 2) because he discharged the rifle in the same room occupied by his ten month old child. However, Rule 3.701(d)(11) provides in pertinent part that the court should not deviate from the guidelines for reasons that include factors relating to the instant offense or prior arrests for which convictions have not been obtained. Furthermore, we hold that the court is not at liberty to aggravate a sentence *834 by using elements which go to make up the crime for which the defendant is being sentenced. We would analogize the rule applicable in determining presumptive parole release dates to the rule applicable to aggravating sentences. The legislature specifically provided in section 947.165 that factors used in arriving at the salient factor score and the severity of offense behavior category in parole matters shall not be applied as aggravating circumstances. See also Mattingly v. Florida Parole and Probation Commission, 417 So.2d 1163 (Fla. 1st DCA 1982). The crime of shooting in a dwelling, of course, necessarily involves use of a firearm; and Callaghan was not convicted of child abuse. Thus, both factors the trial court relied on in deviating from the guidelines were improper.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded to the trial court with directions to enter a judgment of conviction on only one count of shooting in a dwelling and to resentence Callaghan in accordance with the sentencing guidelines provided in Florida Rule of Criminal Procedure 3.701.
REVERSED AND REMANDED with directions.
LETTS and WALDEN, JJ., concur.