## THE PEOPLE *v.* WILLIAM STICKMAN.

"HOUSE" IN STATUTORY DEFINITION OF BURGLARY.—By the amendatory statute of 1858, (Statutes, p. 206,) defining the crime of burglary, the word "house" was made to include every structure which has sides, walls, and a roof, regardless of the fact whether they are at the time, or ever have been, inhabited by members of the human family.

IDEM.—The said amendment of the statute, by the substitution of the words "any house, room, apartment, or tenement" for "any dwelling house, or any other house whatever," as used in the statute of 1850, (Stats. p. 235, Sec. 58,) was not made for the purpose of narrowing the previous definition, but to exclude the idea that an entry into an unoccupied room or apartment of a dwelling house, was not burglary.

APPEAL from the County Court, Sacramento County.

The defendant moved for a new trial, and for grounds of motion, among others, assigned that the Court erred in refusing certain instructions to the jury, which were requested on his behalf, and to which refusal he, at the time, duly excepted.

The instructions refused were as follows, to wit:

"The breaking and entering, to constitute a burglary, must be into a house, room, apartment, or tenement, or a tent, vessel, or water craft, usually used, or at any time used, as a sleeping place or residence for human beings, or wherein some person dwells, or persons dwell and lie in. If the jury find from the evidence, that the chicken house which the defendant is charged with having feloniously entered, was at any time used as a sleeping place or residence for human beings, or wherein some persons dwell, or persons dwell and lie in, and they also find that defendant feloniously entered with intent to commit grand or petit larceny, or any felony,

they will find the defendant guilty as charged in the indict-
ment. If they do not so find from the evidence, they will
acquit the defendant."

The motion for a new trial was denied, and defendant
appealed from the judgment and from the order of the Court
below denying said motion.

The other facts are stated in the opinion of the Court.

*J. W. Coffroth,* and *D. E. Alexander,* for Appellant, argued:

That the Court below erred in refusing to give the instruc-
tions requested by defendants; and cited Hittell's Laws,
Art. 1,458; 1 Russ. on Cr. 785; 2 Arch. Ch. L. 263; Ch.
Cr. L. 554, 853; 1 Hawk. Pleas of the Crown, 289, Sec. 17;
3 Inst. 64; Bouv. L. D. 575.

That in burglary there must be an entry into a dwelling
house, or a building in which some person lies or dwells;
and cited 13 Iredell, 244; 3 Rawle, 207; 2 Met. 408; 3
Humph. 378.

That upon the facts disclosed, the defendant was at most
triable for petit larceny only.

*J. G. McCullough, Attorney-General,* for the People, argued:

That at common law, burglary might be committed in a
building not used as a residence; and cited 2 Whart. Cr. L.,
Secs. 1,557, 1,560; *Rex* v. *Clayburn,* 1 Br. Cr. Cas., R. & R.,
360; 1 Bish. Cr. L., Secs. 165, 170.

That the word " house," as used in our statute, includes
more than a dwelling place; and cited 1 Bish. Cr. L., Sec.
173; *Rogers* v. *Smith,* 4 Barr, 101.

That our statute might, and in fact does, give to the word
" house " a different meaning from that which obtained at
common law; and cited *Com.* v. *Russell,* 16 Pick. 161; *State*
v. *Sandy,* 3 Ired., (Law,) 573; *Chapman* v. *Com.,* 5 Whar.
429; 1 Bish. Cr. L., Secs. 164, 173; 1 Hittell, Arts. 1,458
and note *b,* 1,557–59 and note *a,* p. 240; *People* v. *Murray,*

8 Cal. 519; *State* v. *Carrier*, 5 Say. 131; *State* v. *Brooks*, 4 Conn. 446.

By the Court, SANDERSON, J.:

The defendant was indicted for the crime of burglary and at the trial was convicted. The case shows that the offense was committed by breaking and entering the chicken house of the prosecutor, in the night time, with intent to steal certain domestic fowls, property of the prosecutor then and there being; that the chicken house is five feet wide, ten feet long and ten feet high, and is formed by partitioning off a portion of the prosecutor's barn, being under the same roof and a part of the barn; that the barn is twenty-two feet by twenty-seven feet and is situated about fifteen feet from the prosecutor's dwelling house, without any connecting passage way, but within the same yard or inclosure. The only question made is whether the acts proved constitute the offense of burglary as defined in the statutes of this State.

It is by no means clear that it would not have been burglary at common law. The dwelling house, according to Lord Hale, includes the privy, barn, stables, cow houses, dairy houses, if they are parcel of the messuage, though they are not under the same roof or joining contiguous to it. (1 Hale P. C. 558.) And when a burglary is committed in one of these outbuildings the indictment may charge the offense as done in the mansion house. (1 Hale P. C. 557.) A separate building within the same inclosure with the dwelling house is to be regarded as a part of it, if reasonably near to it and occupied by the same person, even though, according to the English authorities, it is used for a totally different purpose—as a warehouse, goose house, shop or store. (*Rex* v. *Lithgo*, Russ. & Ry. 357; *Rex* v. *Chalking*, Russ. & Ry. 334.) There are American cases which hold a contrary doctrine, and limit the dwelling house to the building actually inhabited, to the exclusion of outhouses, though

within the same inclosure.    The whole subject will be found elaborately discussed by Mr. Bishop in his work on criminal law.    (1 Bish. Crim. Law, Sec. 164, *et sequens.*)    In England and many of the United States the dispute has been settled by statutory definitions of the term " dwelling house."

The first definition of the offense found in our statute (1850, p. 235, Sec. 58) abolishes all the nice distinctions of the common law by the use of this language :    " Any dwelling house, or any other house whatever, or tent, or vessel or other water craft "—language broad enough to include buildings of any kind and used for any purpose.    The statute was amended in 1858 (Statutes, p. 206) so as to include the case of an intent to commit petit larceny which it did not previously do.    (*People* v. *Murray*, 8 Cal. 519.)    In making the amendment the words " any house, room, apartment or tenement" were substituted for the words " any dwelling house, or any other house whatever."    The change was not made for the purpose of narrowing the previous definition, but with the intent to leave it as broad as at first and to meet the doctrine advanced by some of the cases, that an entry into an unoccupied room or apartment of a dwelling house was not a burglary.    Hence the word " dwelling " was omitted, and the words " room, apartment or tenement " added.    While the language of the statute might have been made more definite and certain by employing words in common use, it could not well be made more comprehensive, and we think that the absence of more particular terms of description indicates an intention, on the part of the Legislature, to include every kind of buildings or structures " housed in " or roofed, regardless of the fact whether they are at the time, or ever have been, inhabited by members of the human family.    A house, in the sense of the statute, is any structure which has walls on all sides and is covered by a roof.

Judgment affirmed.