### STATE *v.* MITCHEL BISHOP AND FELIX O'CLAIR.

*Criminal Law.    Burglary.    Gen. Sts. c.* 113, *s.* 7.    *Pleadings.*

A railroad depot is a warehouse within the meaning of s. 7, c. 113, Gen. Sts.; and the breaking and entering thereof in the night-time, with intent, &c., is burglary.

On trial on indictment charging the respondents with breaking and entering "the store-house and depot" of a railroad company in the night-time, with intent to steal, and with then and there stealing, &c., the jury found a general verdict of guilty, and respondents moved in arrest, for that to break and enter a railroad depot as charged was not burglary; but the motion was overruled and respondents sentenced. *Held*, that as the indictment was sufficient for the crime of larceny, and the sentence such as is prescribed by statute for that offense, the motion was properly overruled.

The court charged that unexplained possession of the stolen goods would warrant a verdict of guilty. *Held*, that as such a charge would be sound on a trial for larceny, there was no error.

INDICTMENT for burglary.    The indictment alleged that " at about the hour of eleven in the night " of May 20, 1878, the respondents feloniously and burglariously broke and entered " the

store-house and depot" of "The Connecticut and Passumpsic Rivers Railroad Company," at Barnet, with intent, &c., to steal, and feloniously and burglariously then and there did steal, &c. Plea, not guilty, and trial by jury at the June Term, 1878, Caledonia County, Ross, J., presiding.

It appeared that nearly all of the stolen goods were found in a wood about thirty or forty rods from the respondents' house, about a week after the alleged burglary, and four days after the respondents were arrested. But it did not appear whether any of the goods were found on the respondents' premises.

The court charged the jury that if they found that the respondents broke and entered the buildings in the night-time with intent to commit the crime of larceny, as charged, they should pronounce them guilty, and that they would be guilty of burglary. Referring to the finding of the goods the court charged that if they had been found in actual possession of the respondents, it would have been sufficient, if unexplained, to warrant a finding of guilty. To the charge upon those points the respondents excepted.

The jury found the respondents guilty; whereupon the respondents moved in arrest, for that the indictment charging a breaking and entering of the " storehouse and depot," &c., did not properly set forth any crime that amounted to burglary. But the motion was overruled, and the respondents were sentenced to hard labor in the state prison for five years. To the overruling of the motion the respondents excepted.

*E. W. Smith*, for the respondents.

The breaking and entering of a railroad depot is not burglary —not at common law. 2 Russ. Crimes, 2. Nor under the statute. Gen. Sts. c. 113, s. 7; *State* v. *Jones*, 33 Vt. 443; *State* v. *Cook*, 38 Vt. 439; *Slade* v. *Carney*, 19 N. H. 135. Penal statutes are strictly construed. *State* v. *Cooper*, 16 Vt. 551.

Evidence of possession of stolen property, if unexplained, may be sufficient to warrant a conviction of larceny, but not of burglary. 1 Whart. Crim. Law, s. 729.

*Henry C. Ide*, State's attorney, for the State.

The indictment having been drawn with a double aspect to suit evidence of either burglary or larceny, the charge as to evidence of unexplained possession of the stolen goods was correct. 1 Whart. Crim. Law, s. 383 ; Gen. Sts. c. 120, s. 12 ; *State* v. *Jenkins*, 2 Tyl. 377 ; *State* v. *Brewster*, 7 Vt. 118, and cases *passim*. But the same principle is applicable in case of burglary. *Rex* v. *Exall*, 4 Fost. & F. 922 ; *Knickerbocker* v. *People*, 57 Barb. 365 ; *Medhard* v. *State*, 19 Ohio St. 363.

The indictment being good as an indictment for larceny, the motion was properly overruled. *State* v. *Moore*, 12 N. H. 42 ; Anonymous, 31 Me. 592 ; *Waddington's Case*, 2 East P. C. 363. That portion of the indictment that charges burglary may be rejected as surplusage. *State* v. *Bugbee*, 22 Vt. 32, and cases *passim*.

The charge as to whether the breaking and entering was burglary affords no ground for exception. The respondents were not thereby prejudiced. The verdict was general, and the sentence was for larceny. *State* v. *Roe*, 12 Vt. 93 ; *State* v. *Wheeler*, 35 Vt. 261 ; *State* v. *Bugbee*, *supra*. But besides, the charge was correct. A railroad depot is a warehouse within the meaning of the statute. *Rex* v. *Hill*, 2 Moody & R. 458 ; *Wilson* v. *State*, 24 Conn. 57 ; *Allen* v. *State*, 10 Ohio St. 287.

The opinion of the court was delivered by

REDFIELD, J. The respondents are charged in the indictment with the crime of feloniously and burglariously breaking and entering, in the night-time, the depot and storehouse of the railroad with *intent*, &c., to *steal*, and that they did then and there feloniously and burglariously steal, &c.

I. The court charged the jury " that if they found that the respondents broke and entered said depot and storehouse of the railroad in the night-time with intent to steal, and did steal therefrom, they should pronounce them guilty, and that they would be guilty of burglary."

It is claimed that forcibly breaking and entering a railroad

37

depot and storehouse, does not constitute burglary under our stat-ute. At the time the statute was passed defining the crime of burglary and enlarging the common law definition, no such thing as a railroad depot was known in this State. Depots and store-houses for merchandise existed along the wharves of Lake Cham-plain, and were generally among merchants called *warehouses;* and that term was recognized and used in the statute. But since that time the land has become navigable by rail, and depots and storehouses for goods, wares, and merchandise have been con-structed along our railways, and perform the same office as did the storehouse, or *warehouse,* on the wharves of the lake. The legal character and liability of the keeper of the goods, when transit is ended, becomes changed, after proper notice to the owner, or consignee, and he is liable only as *warehouseman*—as the keeper of goods and wares in the warehouse. The building broken into, in this case, seems to have been used as a passenger and freight depot; in it were offices for the sale of tickets, for receiving and discharging freight, a place for the comfort of passengers, and a place for the safe deposit of goods. In it were "offices" and a "warehouse." Names change often with the habits and customs of the people; it is not so important to deter-mine the *name,* as the *thing,* wherein burglary, by the statute, may be committed. That subtle astuteness that would discover a dif-ference where none exists, and would find a way of escape from the just penalties of crime through narrow crevices of the law, serves no useful purpose. When one is charged with crime in plain language, and convicted by honest men upon legal evidence, it is better that he work out the penalty to the relief of the pub-lic and the safety of the State.

But in this case the respondents have been convicted of *larceny* upon conceded, proper evidence. And the final judgment and sentence is such as the law awards to the crime of larceny. In *State* v. *Wheeler,* 35 Vt. 261, the Supreme Court, PECK, J., de-cided that when there was a general conviction on four counts, and the fourth count for another and distinct offence, and no proper evidence to warrant a conviction on that count, that the court would not set aside the conviction when it was obvious

" that the respondent was not in danger of a more severe sentence than he would have been exposed to if he had been acquitted " on the counts not sustained by the evidence; and of like import are the cases of *State* v. *Bugbee*, 22 Vt. 32; *State* v. *Butler*, 17 Vt. 145; and *State* v. *Roe*, 12 Vt. 93. The indictment being sufficient for the crime of larceny, and the sentence being such as is prescribed by the statute for that offence, the motion in arrest was properly overruled. And the charge of the court in regard to the weight as evidence of the fact that the stolen property was found in the possession of the accused, is conceded to be sound law as applied to the crime of larceny, and in that therefore there was no error.

Judgment that the respondents take nothing by their exceptions; and the judgment and sentence of the County Court is affirmed.