[Crim. No. 308.   Second Appellate District.—November 13, 1913.]

THE PEOPLE, Appellant, v. BENJAMIN F. OSTRANDER, Respondent.

BURGLARY—BREAKING AND ENTRY—INTENTION.—One who breaks and enters a boat-house to obtain a place for his companion to rest is not guilty of burglary.

ID.—NEW TRIAL—REVIEW OF ORDER GRANTING.—Where a conviction for burglary is had on conflicting evidence, an order of the trial court granting a new trial will not be disturbed on appeal.

APPEAL from an order of the Superior Court of San Diego County granting a motion for a new trial.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, George Beebe, Deputy Attorney-General, H. S. Utley, and W. Wirt Francis, for Appellant.

Robbins & Bauer, for Respondent.

JAMES, J.—Defendant was charged by an information filed by the district attorney of the county of San Diego with having, on or about the twenty-fourth day of April, 1913, in said county, committed the crime of burglary.   More particularly stated, the information charged that defendant at the time and place mentioned entered a certain building known as the Z. L. A. C. Rowing Club with intent therein to commit the crime of larceny.   A trial was had before a jury and a verdict of guilty of burglary of the first degree was returned. Defendant thereafter moved that a new trial be granted him upon several grounds, one of which was that the verdict was contrary to the evidence.   By a general order the trial judge granted this motion and the people have appealed.

The evidence showed that the defendant was apprehended by an officer immediately after he had removed a pane of glass from a door of the building of the rowing club and effected an entrance into one of the rooms.   It was shown that some person had on several prior occasions broken into the building and into certain lockers used by members of the club,

from which various articles were stolen. The defendant on his own behalf offered himself as a witness and admitted having broken the glass and entered the building. He testified that he had accompanied a young woman for a promenade and that while on this expedition he and the woman had gone down to the rowing club house; that the girl said she was tired and wanted to sit down, and that he tried the door, intending to enter the building only for the purpose of allowing the girl to rest, and upon finding the door locked broke the pane of glass and so effected an entrance. To make out the offense charged in the information it was essential that the defendant had the intent to commit the crime of larceny at the time he entered the building. This intent he denied having had and offered as a reason for his act the explanation just referred to. The trial judge was called upon to review the testimony in determining whether the verdict was sustained by the evidence, and he evidently gave credit to the statement made by the defendant. It may be remarked that as the testimony appears in the cold record, the explanation made by defendant is hardly worthy of credence, particularly as no young woman was seen or heard to be about the club house at the time of defendant's arrest; still, having seen and heard the witnesses, the trial judge was authorized and required to draw his conclusions as to the sufficiency of the evidence to sustain the conviction, and in such a case this court cannot interfere with his determination of that matter. There was a conflict of evidence, and therefore on this appeal a question of law is not presented.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.