[Crim. No. 2230. Second Appellate District, Division One.—May 4, 1933.]

THE PEOPLE, Respondent, v. JAMES JACKSON, Appellant.

Frederic H. Vercoe, Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

YORK, J.—The defendant, James Jackson, was charged by information, tried before a jury and found guilty of the crime of burglary. Defendant appealed from the judgment of conviction and from the order of the court denying his motion for a new trial, and makes as his sole ground of appeal the contention that the entering established by the evidence was not the entering of a house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine or any underground portion thereof, as denounced by section 459 of the Penal Code.

The undisputed evidence is that the structure which was entered by means of breaking and the shattering of glass was a showcase which was cemented to the floor of the store entrance, within the property line and sheltered by the roof and side walls of the building which constituted the store known as "Monroe Clothes" which was the store and building of one Morris Zalkover. This showcase was seven feet by six feet at the base and only about five feet in height. It was padlocked and contained men's clothing. The entering was effected by breaking in the rear glass of the showcase and certain articles of men's clothing were then extracted therefrom. Therefore, the only question which we are called upon to decide is this: Whether or not the entering into this showcase with the intent to commit larceny, and which larceny was actually committed, constituted burglary within the language set forth in section 459 of the Penal Code. We think that it did. (*People* v. *Franco*, 79 Cal. App. 682 [250 Pac. 698].)

All the cases cited by appellant are cases wherein different facts as to the place entered were established. That is, in no case where it was held that burglary was not committed was the showcase or display box wholly within the premises and under the roof of the main building and actually affixed

to the floor of the building. Therefore, none of the cases cited by appellant is in point.

Another form of the same question was raised by appellant in his second assignment of error to the effect that the court was in error in giving the following instruction: "A showcase having four sections and a top situated within the lobby or entrance to the interior of a building and within the space covered by the roof of the building is in legal effect a building such as is contemplated and defined by the statute defining burglary." There is no question but that the showcase was affixed and attached to the floor of the building, said showcase being wholly within the lobby or entrance of the building and wholly under the roof of the building or store. The form of the instruction could work no prejudice to the rights of the defendant, as the undisputed evidence clearly showed the foregoing facts. It became a part of the store or the building by being so placed, and the store constituted the whole of such building.

The judgment and the order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.

Seawell, J., dissented.