BERNARD JENNEY & another, trustees, *vs.* DORIS HYNES & another.

Suffolk.    January 8, 1934. — February 14, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Equitable Restriction.   Equity Pleading and Practice*, Decree.   *Words,* "Building," "Upon."

In a suit in equity to enjoin the maintenance upon land of the defendant of a structure, sixteen feet long, four feet wide, and five feet nine inches high, erected for the carrying on of a gasoline filling station, the structure was adjudged to be a violation of an equitable restriction to which the land was subject and a decree was entered which, upon appeal, was affirmed by this court and which, among other things, enjoined the defendant "from erecting . . . upon . . . said land . . . any building other than dwelling houses . . . and from using or permitting the use of any building erected on said land for any manufacturing, mercantile or mechanical purposes." The defendant thereupon removed the structure, built a new structure consisting of a wooden box or cabinet measuring three feet in length and height and eighteen inches in width, mounted on wooden legs eighteen inches high and standing on the ground without any foundation or fastening, and a pit, connected with which and wholly underground was a concrete chamber containing substantially the same apparatus as formerly had been in the building on the surface, the maintenance of which had been enjoined. Upon a petition that the defendant be adjudged in contempt, it was *held*, that

(1) The language of the decree respecting a building "upon" the land did not mean that, to violate the decree, it must be upon the surface;

(2) The restriction enforced by the decree was directed to the use of the property for certain undesirable purposes;

(3) The wooden box was not a "building" in violation of the decree;

(4) The underground chamber was a building used for purposes which violated the decree.

(5) A decree adjudging the defendant in contempt was ordered.

BILL IN EQUITY, filed in the Superior Court on June 5, 1931, to enforce certain equitable restrictions upon land owned by the defendant Hynes and occupied by the defendant The Texas Company as her tenant.

After reference to a master and hearings by *F. T. Hammond*, J., and by *Dillon*, J., the final decree described in the opinion was entered, and, upon appeal to this court, was affirmed on February 21, 1933, by a decision reported in 282 Mass. 182.

On July 11, 1933, the plaintiff petitioned that the defendant Hynes be adjudged in contempt. The petition was referred to a master. Material facts found by the master are stated in the opinion. Both parties filed exceptions to the report, which were heard by *Weed*, J., who ordered the exceptions overruled and the report confirmed and a decree dismissing the petition entered, and reported the matter for determination by this court.

*F. L. Norton*, for the petitioners.

*H. Bergson*, for the defendants.

LUMMUS, J. By the final decree entered after rescript in the case of *Jenney* v. *Hynes*, 282 Mass. 182, the defendants were enjoined "from erecting, placing or using upon their said land or any portion thereof any building other than dwelling houses (which word shall include clubhouses) with the usual out-buildings appurtenant thereto or in design or construction fitted for occupancy by more than one family, and from using or permitting the use of any building erected on said land for any manufacturing, mercantile or mechanical purposes or as an apartment house, family hotel or flat."

That final decree was based on a building restriction by which the land of the defendant Hynes was bound. The violation of the restriction was the erection by The Texas Company, which used the land for a gasoline filling station as the lessee of the defendant Hynes, of a structure

sixteen feet long, four feet wide, and five feet nine inches high, set upon a cement platform raised six or eight inches above the ground. The building had three compartments containing an electrically operated air compressor for furnishing power for pneumatic hoists, and five tanks with hand pumps for delivering oil, meter boards and switches for the electrical equipment. It was held that the structure was a building within the prohibition of the restriction, and that it was being used for mercantile and mechanical purposes in violation of the restriction. Under the restriction, the use of the land for manufacturing, mercantile or mechanical purposes is not prohibited, so long as no building exists which is used for such purposes or is of a prohibited class.

The building which occasioned the suit no longer exists. The Texas Company no longer occupies the land, but the defendant Hynes now occupies the land as a gasoline filling station. She has built a new structure consisting of a wooden box or cabinet measuring three feet in length and height and eighteen inches in width, mounted on wooden legs eighteen inches high, standing on the ground without any foundation or fastening. In it are kept books, papers, tools, and keys. She has built also a pit with concrete walls, twelve or fifteen feet long, three feet wide, and six or seven feet deep, to which access is obtained by a flight of concrete steps. At the end of the pit opposite the stairs is a door opening into a concrete chamber about seven feet by five feet in size, and about five and one half feet high, with a concrete top. No part of the chamber rises above the ground. The chamber is lighted by electricity, and contains substantially the same apparatus as did the building which was held to violate the restriction. Any connection between the chamber and the air hose, gas pumps or other apparatus on the land, is underground. The operation of a gasoline filling station requires that the apparatus contained in the chamber be protected from the weather.

On a petition filed by the plaintiffs to have the defendant Hynes adjudged in contempt, a master found sub-

stantially the foregoing facts, and found that neither the chamber nor the box hereinbefore described is a building within the meaning of that word as it was used in the restrictions and in the decree. To that conclusion the plaintiffs alleged an exception, which was overruled, and the judge ordered an interlocutory decree confirming the master's report. He then ordered a decree dismissing the petition for contempt, and reported the case. An exception taken by the defendant to the master's report is not argued.

The question is, whether either of the structures described is a "building" erected or placed or used "upon" the land. If it is such, the final decree has been violated. Not every structure is a building. The word building has been held to exclude walls and fences, *Truesdell* v. *Gay,* 13 Gray, 311, *Nowell* v. *Boston Academy of Notre Dame,* 130 Mass. 209, *Clark* v. *Lee,* 185 Mass. 223; billboards, *Inspector of Buildings of Falmouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85; gasoline pumps, underground tanks, and a pit in which workmen could stand while working beneath an automobile, *Small* v. *Parkway Auto Supplies, Inc.* 258 Mass. 30; and an underground stairway leading to a cellar, *Wilson* v. *Middlesex Co.* 244 Mass. 224, 231. In *Small* v. *Parkway Auto Supplies, Inc.* 258 Mass. 30, 33, the definition of building given in *Nowell* v. *Boston Academy of Notre Dame,* 130 Mass. 209, 210, is repeated; "a structure or edifice enclosing a space within its walls and usually covered with a roof, such as a house, a church, a shop, a barn or a shed." See also *Concord* v. *Morgan,* 74 N. H. 32. The chamber in question has the same uses as the former structure which was held to be a building. The only substantial difference is that the new structure is underground. Underground structures have often been used for dwellings as well as for many other purposes. In a number of cases they have been held to be buildings. *Thompson* v. *Sunderland Gas Co.* L. R. 2 Ex. D. 429. *State* v. *Sanders,* 81 Kans. 836. The language of the restriction and the decree implying that the building to be prohibited must be "upon" the land, does not mean that it must be upon the surface. See, for example, *Davis* v. *Spaulding,* 157

Mass. 431; *Arbenz* v. *Wheeling & Harrisburg Railway*, 33 W. Va. 1, 9. The restriction in this case was directed to the use of the property for undesirable purposes. If it had been a mere set-back, to provide light and air, the legal construction might be different. *Attorney General* v. *Gardiner*, 117 Mass. 492, 500.

Although the wooden box scarcely rises to the dignity of a "building," we think the concrete underground chamber does. Accordingly, the case is remanded to the Superior Court, with directions to enter an interlocutory decree sustaining the plaintiff's exception to the master's report, so far as the chamber is concerned, and otherwise confirming the report; and also to enter a decree adjudging the defendant Hynes in contempt. Further proceedings may be had in the Superior Court not inconsistent with this opinion.

*Ordered accordingly.*