[Crim. No. 3087. Second Appellate District, Division One.—May 2, 1938.]

THE PEOPLE, Respondent, v. JOHN L. BURLEY, Appellant.

John E. Glover and Richard H. Cantillon for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was charged in an information with the crime of burglary, was adjudged guilty of

burglary of the second degree by the court. The appeal herein is from the judgment and sentence and from an order denying a motion for a new trial.

Defendant was accused of entering the store and building of one William Field. The evidence reveals that the store building was a comparatively small structure wherein the owner engaged in the business of selling popcorn, candy, cigarettes and the like. The aforesaid structure was mounted on small wheels approximately 4 to 8 inches in diameter and was located on a lot adjoining a theater in Huntington Park. It measured 8 feet by 10 feet, was a little over 7 feet in height, and was made of welded steel plates, consisting of floor, four walls and roof. It was entirely enclosed, and contained a door and two windows. The stand or store had been located continuously at the same place for approximately five months, and a monthly rental was paid for the space.

■ Appellant's sole contention on appeal is, "that the said popcorn stand does not constitute a building or structure", and therefore does not come within the terms of section 459 of the Penal Code, which defines burglary as follows:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine or any underground portion thereof with intent to commit grand or petit larceny or any felony is guilty of burglary."

It is urged that the trial court apparently relied upon the authority of *People* v. *Coffee,* 52 Cal. App. 118 [198 Pac. 213], which authority, appellant argues, furnishes no support for respondent's contention that the building in question meets the requirements of section 459 above quoted. In that connection appellant contends that a building or structure, to come within the meaning of the definition of burglary, unless it is a railroad car, must be permanently affixed to the realty.

The Coffee case, *supra,* as well as the authorities cited therein, would appear to refute appellant's argument. Moreover, a house, in the sense of the statute in question herein, is held to be "any structure which has walls on all sides and is covered by a roof" (*People* v. *Buyle,* 22 Cal. App. (2d) 143 [70 Pac. (2d) 955]; *People* v. *Franco,* 79 Cal. App. 682 [250 Pac. 698]; *People* v. *Jackson,* 131 Cal. App. 605 [21 Pac. (2d) 968]), and a building could well be described in the same manner.

In the state of Montana, under a statute substantially the same as the California statute, the defendant's conviction of burglary was upheld where it was charged and established that defendant had unlawfully entered a "sheep wagon". As the court therein observed, "Here we have a . . . structure, erected for the purpose of habitation and the housing of the goods and chattels of the sheep-herder, inclosed within four walls and roofed over and meets all the requirements of the definitions given of a 'building'." The court further observed, "To hold that the verdict and judgment should be set aside because the house entered was set on wheels would be extremely technical, and on this phase of the case we quote with approval the following from *State* v. *Bishop,* 51 Vt. 287 [31 Am. Rep. 690], 'Names change often with the habits and customs of the people; it is not so important to determine the *name,* as the *thing,* wherein burglary by the statute, may be committed. That subtle astuteness that would discover a difference where none exists, and would find a way of escape . . . through narrow crevices of the law, serves no useful purpose. When one is charged with crime in plain language, and convicted by honest men upon legal evidence, it is better that he work out the penalty to the relief of the public and the safety of the State.' " (*State* v. *Ebel,* 92 Mont. 413 [15 Pac. (2d) 233].)

Obviously, the statutory offense of burglary in California is much more comprehensive than the offense at common law, and there are no words in the statute to indicate a legislative intent to limit such offense to the unlawful entry of structures that are a part of the realty. It should be noted that "tent, vessel and railroad car" are included in the definition, in which connection a "tent" can scarcely be regarded as being permanently affixed to the realty. It would appear from the foregoing, therefore, that the judgment of the trial court which, in effect, recognizes the structure in question as being a store and building within the meaning of the definition of burglary, is supported by the evidence.

For the foregoing reasons the judgment and order appealed from are affirmed. ██ As no appeal lies from the sentence, the attempted appeal therefrom is dismissed.

York, P. J., and White, J., concurred.