## ÆTNA LIFE INS. CO. v. AIRD et al.
## No. 9146.

### Circuit Court of Appeals, Fifth Circuit.
### Dec. 14, 1939.

J. D. Wheeler, of San Antonio, Tex., for appellant.

George Cannon and C. W. Trueheart, both of San Antonio, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, upon an accident policy, was for the double indemnity it offered insured for injuries, caused "by collapse of the outer walls, or burning of a building, if the insured is therein, at the time of the collapse or commencement of the fire."

The claim was that, within the meaning of the policy, an automobile trailer was "a building", and insured's death was caused by its burning. The defense was; (a) that, the trailer was not and could not be "a building" within the policy terms; and (b) that, insured's death was not caused by its burning, but by the preceding gasoline explosion.

The evidence in, plaintiffs' and defendant, each, moved for an instructed verdict. Plaintiffs' motion was that, as matter of law, they had made out, defendant's that as matter of law, they had failed to make out, the case they sued on.

The District Judge denied both motions. Thereafter, the parties agreeing, he reserved for his own decision, whether the trailer was "a building" within the policy, and submitted to the jury, subject to the motions for verdict, the single question; whether the insured's loss of life was caused by the burning of the trailer, "he being therein at the time of the commencement of the fire."

Both parties moving for judgment upon the coming in of the verdict, the District Judge denied defendant's, granted plain-

tiffs', motion. In a thoughtful opinion,[1] which leaves little to be said, he clearly and fully set out the undisputed facts and gave well considered reasons for his affirmative conclusion upon them, that as located and used at the time of the fire, the trailer was "a building", and that within the coverage of the policy, insured's death had been caused by its burning.

Agreeing with the statement and conclusions of, and with most of what is said in, the opinion, we refer to it with approval, and will content ourselves here with briefly summarizing the material facts, as the record discloses them, and with elaborating only a little upon the reasons the District Judge gave for his conclusion.

Streamlined, mounted on two wheels, and capable when connected with beast or vehicle having motive and tractor power, of swift and easy motion, though it was, it was not automotive, and it was not bought to be, nor was it, used, except incidentally, for locomotion. The only use made of its movability was to get it to the place where it was to be used, just as ready cut houses, if small enough, may be and sometimes are moved, and set up complete. Well, indeed completely, equipped as a place in which to live, with beds, bath, toilet, cooking facilities, side walls, a roof and floors, and with cross walls subdividing it into parts, it was bought and equipped to be, and at the time of the fire, was being and had for a week been, used, as deceased's residence and office combined. In effect, a modern efficiency apartment, it had been transported to the oil field where the deceased was drilling a well, and there, disconnected from the automobile, it had been raised up, its four corners supported by four heavy special jacks placed directly underneath its substantial steel braced beamed floor, and its outside walls. Thus, what had been built for a dwelling or place to live, movable from place to place, was at rest, and was being occupied as a dwelling, as completely as if, instead of a trailer, it were a ready cut or knocked-down house, transported to the field, either set up, or in units for setting up.

As such, it was certainly a building, in the sense of a dwelling, 12 C.J.S., Building, p. 378, Rouse v. Catskill & N. Y. Steamboat Co., 59 Hun 80, 13 N.Y.S. 126; Neekamp v. Huntington Chamber of Commerce, 99 W.Va. 388, 129 S.E. 314. It was too, a building, in the generic sense of something built or constructed for use as a shelter or habitation for man or beast. If instead, of a completed trailer, the material which made it up, had been assembled on the lease, and there built into a dwelling or habitation for deceased's use, no one could, we think, contend that the resulting structure was not a building. The fact that it was completed before transportation and equipped with wheels to roll it, does not, we think, at all change the undisputed fact that in every essential respect, it was built for and was being used by deceased, as a shelter and habitation, in short, a dwelling. The District Judge, in his opinion pointed out the great scope and breadth of the term, and to the many holdings of the courts, that comprehensive, generic, and having no inflexible meaning, applicable to all cases alike, but having flexibility and varying with the context and surrounding circumstances, those who would seek a narrowing construction for it in a particular context, must show sound reason for that narrowing. We set out other references in the margin[2] to the same effect.

Emphasizing the trailer's mobility, appellant seems to think that because it was adapted for road travel and was capable of obtaining high speeds when automobile drawn, it must be held to be, not "a build-

---

[1] Aird v. Ætna Life Insurance Co., D.C., 27 F.Supp. 141.

[2] 1 Words and Phrases, Fifth Series, 1932–1939, pages 749–751; State v. Ebel, 92 Mont. 413, 15 P.2d 233, 235— held; that a movable sheep wagon a "structure, erected for the purpose of habitation and the housing of the goods and chattels of the sheep herder, inclosed within four walls and roofed over and meets all the requirements of the definitions given of a 'building,'" and that "to hold that the verdict and judgment should be set aside because the house * * * was set on wheels would be extremely technical."

In Jenney v. Hynes, 285 Mass. 332, 189 N.E. 102. A cheap material structure 16 x 4 & 5 ft. 9 in., for use at a filling station, was held a building within restrictions against the erection of a building.

People v. Burley, 26 Cal.App.2d 213, 79 P.2d 148, 149, held; a pop corn stand on wheels, 8x10 by 7 ft., with a floor, four walls, a roof, a door and windows, was a building, notwithstanding it was not permanently affixed to the realty, but

ing", but a motor car. The District Judge shared appellant's sensitiveness to this factor, sufficiently to say, undoubtedly, when it was resting upon its wheels and attached to an automobile and proceeding along the highways of the state, it could not, by any stretch of the imagination, be conceived to be "a building." But he thought the contrary was true, when raised off its wheels and jacked up, it was for the time being, stationary and incapable of motion.

In the light of the record, the writer thinks the trailer's mobility is of small significance in determining whether, within the policy terms, it is "a building." What is dominant in the coverage is, that the accidental injury must be received while the insured is within the four walls. What is dominant here, as to the trailer, is the purpose for which it was built and used, and to which it is primarily adapted. That purpose, to be used as a shelter and habitation for deceased, in short, a dwelling house, stands out in and dominates the case. A dwelling house, constructed so as to be easily movable, at times, running or standing on its wheels, at times, sitting fixedly on jacks or other rigid support, it is still at all times, a dwelling house. A built dwelling house, having greater commodiousness, convenience and adaptability, to the uses of a house dweller, than huts, shacks, hovels, shanties, and even many small houses of a better grade, all of which are of course, buildings. If we should suppose the case of a hut, shanty, or other small house, sitting upon a wagon or truck, having wheels, so that it might be moved about, from place to place, for the convenience and use of the dweller, I think it would hardly be contended, that a dweller in it holding a policy of the kind at bar, was not covered as to injuries caused by its burning while he was in it, because the house could be, or was being moved about on wheels.

I see no more reason to deny coverage to a building of the trailer type, merely because it has wheels to run on.

■ Upon appellant's other point, that the evidence establishes as matter of law, that the deceased's death was not from the burning of the building, but from the gasoline explosion which preceded it, it will serve no useful purpose to set the evidence out here. It is sufficient to say that we have carefully examined it, that it clearly makes a jury issue, and that the District Judge was right in denying both motions for a directed verdict.

The judgment was right. It is affirmed.

SIBLEY and HOLMES, Circuit Judges (concurring).

We concur in the judgment of affirmance. We approve the opinion of Judge HUTCHESON, except the part which seems to say the trailer was a building within the meaning of the policy while attached to the automobile and traversing the highway. While so used, the risk of collapse, and perhaps of fire, would be very different. We think trailers as ordinarily used upon the roads would not be called buildings. The authorities cited relating to that term in burglary statutes are not in point in seeking the meaning of an accident policy. The case is much like that of a railway sleeping car, which in ordinary use would be called a vehicle and not a building, but when put aside and permanently used as a stationary dwelling or office or restaurant might be called a building. We go no further in this case than to hold this trailer, circumstanced as it was at the time of the fire, was a building within the meaning of the contract.

---

was on a cable and was moved about on its wheels.

In Inter-Ocean Casualty v. Warfield, 173 Ark. 287, 292 S.W. 129, held; a quarter boat used by Government employees engaged in river improvement work, where they slept and ate, was a dwelling house, during such employment within the meaning of the policy insuring an employee against injuries by burning of a dwelling house.