AUGUSTUS' HEMENWAY & others, trustees, *vs.* VERA MAY
BARTEVIAN & others.

Suffolk.    February 4, 1947. — April 8, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Equitable Restrictions.    Building.    Words,* "Building."

The construction of a sunken area in front of a building, with retaining
walls extending from the building to the sidewalk and surmounted by
a curbing fifteen to eighteen inches above the sidewalk and balustrades,
and with a flight of steps leading from the sidewalk to the bottom of
the sunken area and to entrance doors of the building, was not a viola-
tion of a restriction in substance requiring that there should be a certain
reserved space extending to the sidewalk in front of the building into
which no part of the building (other than doorsteps and balustrades
connected therewith and cornices on the roof) might project.

A sunken area in front of a building, bordered by a curbing fifteen to
eighteen inches high and by balustrades, with steps leading from a
public way to entrances to the building, was not in itself a building
violating a restriction requiring the set back of buildings to provide a
reserved space in that area.

BILL IN EQUITY, filed in the Land Court on May 7, 1946.
The case was heard by *Cotton,* J.

*L. P. Jordan, Jr.,* for the plaintiffs.

*L. Makepeace,* for the defendants.

SPALDING, J.    The plaintiffs brought this bill in the Land
Court to enforce certain restrictions on property owned by
the defendant Vera M. Bartevian and occupied by her
husband, the defendant Gregory Bartevian (hereinafter
called the defendants), on Newbury Street, Boston.    See
G. L. (Ter. Ed.) c. 185, § 1 (k), as appearing in St. 1934, c. 67,
§ 1.    From a final decree granting only part of the relief
prayed for the plaintiffs appeal.    The judge made findings
of fact.    The evidence is reported.

The following is a summary of the relevant facts:    The
defendant Vera M. Bartevian is the owner of a parcel of
land (numbered 118) on Newbury Street on which there is

a three-story building. [1] The plaintiffs are the owners of an adjoining parcel. Both titles derive from a common grantor, and together with other properties in the same block are subject to the restrictions hereinafter discussed.

Prior to the attempted alterations that gave rise to this suit, the area in front of the defendants' property consisted of a grass plot about twenty-five feet wide which extended from the public sidewalk to the front of the building, a distance of twenty-two feet. This area was surrounded by a low curbing "except where a walk led from the sidewalk to a flight of . . . [steps] which ascended some four feet to the front door."

The alterations attempted by the defendants were these: The steps and curbing mentioned above were removed, and the entire area in front of the building was excavated to a depth of five feet below the level of the sidewalk. On each side of this excavation a retaining wall (extending from the sidewalk to the front of the building) was built, which was surmounted by a curbing fifteen to eighteen inches above the sidewalk. From the sidewalk a flight of cement steps leading to the bottom of the excavation was constructed. These steps occupied, in width, the entire space between the retaining walls. Below the old door entrance which was on the extreme left of the building a new doorway, affording access to the apartments upstairs, was built. Beneath a bay window which is to the right of the original doorway the defendants proposed to build a door leading to a store in the basement. On each side of this door the plans called for a glass show case which would project four and one half feet above the level of the sidewalk. The excavation, described above, was to be floored with cement, and balustrades were to be placed on top of the retaining walls. Before these changes were completed the present proceedings were begun, and no further work was done on them.

The judge found that the proposed show cases would constitute a violation of the restrictions but that in other respects they were not violated. A decree was entered

---

[1] The Merchants Co-operative Bank, also a defendant, holds a mortgage on this property.

enjoining the defendants and the defendant bank from "erecting, building or installing the proposed show cases." None of the defendants appealed. The judge took a view of the defendants' premises. Photographs of the premises taken shortly after the suit was commenced are before us.

Since no contention is made to the contrary, we shall assume, as the judge ruled, that the defendants' land is subject to the restrictions under consideration; that they are valid and subsisting; and that they may be enforced by the plaintiffs. The sole question for decision, therefore, is whether the proposed alterations, apart from the show cases, violate the restrictions. Those material here provide that the front wall of any building erected on the premises "shall be set back twenty-two feet from said Newbury Street, provided that steps, windows, porticos, and other usual projections appurtenant to said front walls are to be allowed in this reserved space of twenty-two feet; subject to the following limitations; namely first, that no projections of any kind, (other than doorsteps and balustrades connected therewith; and also cornices at the roof of the building) will be allowed to extend more than five feet from said front wall into said space." In other words, the restrictions require that there shall be a reserved space of seventeen feet in front of each building into which no part of the building (other than doorsteps and balustrades connected therewith, and cornices at the roof) may project. In construing similar restrictions in the Back Bay this court has said that they were intended "to secure a space . . . which should be substantially free from buildings" (*Attorney General* v. *Algonquin Club*, 153 Mass. 447, 451) in order "to increase the symmetry and beauty of the highways laid out through them." *Attorney General* v. *Gardiner*, 117 Mass. 492, 499. If the proposed alterations can be classed as a projection of some part of the building, they would violate the restrictions because they extend into the reserved space. See *Gilbert* v. *Repertory, Inc.* 302 Mass. 105. But in our opinion these alterations (other than the show cases which we are not required to pass on) cannot be said to be a projection of the building. See *Cushing* v. *Boston,* 128 Mass. 330, 331–332;

*Clark* v. *Lee*, 185 Mass. 223, 225. Without attempting a precise definition of the restrictions, we think in general that they were intended to prohibit within the reserved space such projections as windows, porticos, balconies, canopies, marquees, and the like which are supported in whole or in part by the building itself. They were not framed to prohibit a sunken area way built, as here, for the purpose of affording a method of ingress to and egress from the building. It is difficult to see how such a structure would in any substantial way thwart the purpose of the restrictions. And it would be going very far to say that it was a projection of part of the building. If the question can be said to be doubtful, then it is a doubt which should be "resolved in favor of the freedom of land from servitude." *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, 433. *American Unitarian Association* v. *Minot*, 185 Mass. 589, 595. *Ward* v. *Prudential Ins. Co.* 299 Mass. 559, 565.

But the plaintiffs argue that, if the proposed alteration is not an extension of the building, it is in itself a building and hence forbidden by the restrictions. But "the word 'building' cannot be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed." *Truesdell* v. *Gay*, 13 Gray, 311, 312. To the same effect are *Nowell* v. *Boston Academy of Notre Dame*, 130 Mass. 209, 210, *Clark* v. *Lee*, 185 Mass. 223, 225–226, and *Small* v. *Parkway Auto Supplies, Inc.* 258 Mass. 30. In *Wilson* v. *Middlesex Co.* 244 Mass. 224, 231, it was held that an uncovered stone stairway twenty and one half feet by six, leading to a basement, having around it above ground a metal railing four feet high cemented into the stone work of the stairway, was not a "building" within the meaning of that word in a restriction contained in a deed. It is true that a building need not necessarily be above the ground. *Jenney* v. *Hynes*, 285 Mass. 332. But we know of no case decided by this court that holds

that an area way such as that under consideration was a building. The case of *Attorney General* v. *Gardiner*, 117 Mass. 492, 500, relied on by the plaintiffs, is not at variance with the conclusion here reached. In that case the structure erected within the reserved space which was held to constitute a building was covered, was about three feet high and extended from the front wall of the house to the street line, and was built for the accommodation of coal bins underneath.

It follows that the decree of the court below was right and must be

*Affirmed with costs.*