**CROSS, Exrx., etc., Plaintiff-Appellant, v MOTORISTS MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4238. Decided September 30, 1949.

Gumble & Gumble, Harry Hofheimer, Columbus, for plaintiff-appellant.

Benoy & Sebastian, Columbus, for defendant-appellee.

464

## OPINION

By MILLER, PJ.

This is a law appeal from the judgment of the Common Pleas Court of Franklin County, sustaining a motion for a directed verdict for the defendant at the close of the plaintiff's case. The action was one to recover for the loss of a trailer under the terms of an insurance policy issued by the defendant-appellee. The policy contained the following endorsement:

"In consideration of the premium charged, it is agreed that the insured trailer will be used principally for vacation purposes and will not be used as a trailer home."

The only question presented is whether or not as a matter of law the trailer was being used as a trailer home at the time that it was destroyed by an explosion and fire. If it was, then the judgment is correct and should not be disturbed. The facts do not seem to be in dispute but only inferences to be derived therefrom.

Briefly stated, the record discloses that the insured and his family had lived in Cambridge, Ohio, for two years where he had been employed by The Continental Can Company. Upon receiving notice that he was going to be transferred to some other undesignated location the home in Cambridge was sold in November, 1945, and the wife and daughter went to California in the trailer, parking it in the Plantation Trailer Park in Los Angeles, California, where it remained until it was destroyed on June 9, 1946. Here it was connected to the gas line, water line and electric line. The wheels were jacked up off the ground in order to protect the tires. As it was not being used on the highway, no license had been purchased for 1946 from either the state of Ohio or California.

During the month of December Mrs. Cross, the wife of the insured, worked for a period of three weeks in Los Angeles. She and the daughter lived in the trailer during the entire period of time it was parked in the trailer camp prior to the time of the fire, with the exception of several weeks when

she visited her husband who had been transferred to Chicago. At the time of the fire the husband was visiting her in California and was fatally burned in the trailer fire. Mrs. Cross was called as a witness and testified that she and the daughter were on vacation in the trailer; that they were there only temporarily and it was never intended to become permanent; that it was not their home and that they were trying to sell the trailer having been offered $1800.00 which was deemed inadequate.

Now did the trial court err in holding from these facts that reasonable minds could arrive at only one conclusion, that being that the trailer was being used as a "trailer home" in violation of one of the restrictions in the policy? We are of the opinion that it did. Since it is admitted that the defendant prepared the policy, any ambiguous provision must be construed strictly against the defendant and liberally in favor of the plaintiff. The appellee urges that under California law, and in the case of The Aetna Life Insurance Company v. Aird, 108 Fed. (2nd), 136, under similar facts, the trailer became a building instead of a vehicle. Even conceding this, and upon which we do not express an opinion, this fact alone would not make it a trailer home. We are cited to only one Ohio case defining the word "home", that being **Nelson v. Nelson, 19 Ohio, 282:**

"The term home, generally means nothing more than the place where a person has his habitation—his place of residence. The habitation or home may be, and often is, at one place, and the means of support at another; there is no necessary connection between them."

Upon an examination of the words "habitation" and "residence", supra, in Webster's New International Dictionary, Second Edition, we note that in their stricter sense these words denote a certain sense of permanency. It defines "habitation" as, "place of abode; settled dwelling; residence; house". Then under the synonyms we find listed "habitation, dwelling, residence, domicile, home. * * * Residence denotes a settled or permanent home". The word "home" is also defined in 40 Corpus Juris Secundum, page 418, as,

"A relative term, whose meaning must often necessarily depend on the intent as determined by the context; and which may be, and is, often used in different senses, * * *. It has

**466**

been defined as meaning domicile * * *; a dwelling house, or dwelling place; * * * the house in which one lives, especially the house in which one lives with his family, the habitual abode of one's family; the place of constant or permanent residence; * * *; the place where one and his family habitually dwell, which they may leave for temporary purposes, and to which they return when the occasion for absence no longer exists; the place where one permanently resides and to which he intends to return when away from it; * * * some permanent abode or residence where the person residing intends to remain."

In examining the context of the restriction in the policy the idea of permanency is definitely suggested, as it permits its use for living purposes while on vacation. It is a matter of common knowledge that trailers are used for living purposes, and permitting its use while on vacation would necessarily infer that it could be used for living quarters. The word "vacation" in its ordinary sense suggests a temporary status. We are, therefore, of the opinion that the restrictive clause in the policy means that the trailer may be used as a temporary home while on vacation, but not as a permanent home. This was a factual question which should have been submitted to the jury for their determination, as different inferences could reasonably have been drawn from the evidence submitted.

The judgment is ordered reversed and cause remanded.

HORNBECK and WISEMAN, JJ, concur.