CHARLES WILLIAM BROWN, THIRD, & others, trustees, & another *vs.* ROBERT C. LINNELL.

Barnstable. April 9, 1971. — May 4, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Equitable Restrictions.*

Warranted findings by the trial judge in a suit in equity justified his conclusion that "it would be inequitable to order the removal or modification" of a 140 foot long ramp constructed by the defendant in violation of certain restrictions in the deed to him and leading from the top of his parcel to his dock on a beach where it appeared that the deed explicitly permitted the defendant to build the dock, that his grantor, the plaintiff, at no time suggested or required the building of another means of access to the dock, that the admittedly unsightly features of the ramp were the result of strictly functional requirements, and that aesthetic improvement by a different type of access was dubious [447–448]; and the same conclusion was justified as to a small electrical cabinet installed near the top of the ramp in violation of the restrictions [448].

BILL IN EQUITY filed in the Superior Court on May 15, 1968.

The suit was heard by *Hudson*, J.

*Daniel J. Fern* for the plaintiffs.

*Herbert P. Wilkins* (*Jeffrey Swope* with him) for the defendant.

REARDON, J.  The plaintiffs, one of whom is the defendant's grantor, owners of property on Stage Island in the town of Chatham, sought enforcement in the Superior Court of certain restrictions in a deed to a parcel of shorefront land on the island sold to the defendant in 1966.  Their complaint is based on the construction by the defendant of a 140 foot long ramp leading from the top of the defendant's parcel to his beach to provide access to the dock on the shore which the defendant has also built.  The plaintiffs also objected at the trial to the three foot by four foot by sixteen inch wooden cabinet near the top of the ramp containing the electrical apparatus needed to provide power to the dock and the defendant's yacht moored there.  The trial judge made lengthy and careful findings of fact upon which he concluded that although the ramp and the cabinet were in violation of certain restrictions in the deed "[i]t would be inequitable to order the removal or modification of the ramp."  Accordingly, he ordered the bill dismissed in a final decree, from which decree the plaintiffs have appealed.

It is a well established principle that restrictions in a deed are to be strictly construed against the grantor. *Hemenway* v. *Bartevian*, 321 Mass. 226, 229, and cases cited. The judge's conclusion is consistent with this principle and well supported by his findings, which are in turn supported by the narrative condensation of testimony before us.  The plaintiff grantor concedes that in explicitly giving permission to the defendant to build a dock he impliedly gave permission also to construct a reasonable means of access to the dock.  He cannot now complain of the ramp, on which the defendant has expended some $14,000, since he at no time suggested or required that another means of access be built. In addition, the admittedly unsightly features of the ramp are the result of strictly functional requirements: to provide for reasonable and safe access with the least adverse effect due to future erosion, and to prevent encroachment

on the location of a future house on the land. Given these constraints, all of which are necessary or at least reasonable, and the lack of suggested alternative means by the plaintiffs, we agree with the judge that "[i]t is not easy to contemplate what difference aesthetically would result in the erection of another and different type of walk or stairs."

With respect to the electrical cabinet, it was not mentioned in the plaintiffs' bill of complaint and it is therefore not properly at issue in this case. *Ginn* v. *Almy,* 212 Mass. 486, 506. Even if it were, the judge found that its appearance was "inconsequential" compared to that of the ramp, and was apparently not objectionable to the defendant's neighbor, who is most affected by it. In addition, "it serves a very useful and valuable service" in the functioning of the dock and any boats moored to it. There was uncontradicted evidence that to place the cabinet underground, which would have removed the violation, would be quite difficult and cost more than twice as much. The judge acted properly in dismissing the bill.

> *Decree affirmed with costs of*
> *appeal to the defendant.*