[Civ. No. 21299. Fourth Dist., Div. Two. Feb. 11, 1980.]

In re CHRISTOPHER J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER J., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Edward H. Schulman, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRIS, J.**—Christopher J., a minor, a ward of the juvenile court (Welf. & Inst. Code, § 602), was found to have violated the conditions of his probation in that he had committed a new crime, burglary (Pen. Code, § 459). The minor was committed to the California Youth Authority. He appeals.

The portion of the subsequent petition found to be true alleged that on or about March 12, 1979, the minor did unlawfully enter the dwelling house of David Thomas with the intent to commit the crime of theft.

The evidence upon which the court based its finding that the allegation was true revealed that the portion of the Thomas residence entered by the minor was a carport, approximately 18 feet by 18 feet, walled on 1 side and roofed, enclosed in the rear with a half wall and open on 2 sides. The property taken by the minor consisted of a battery which was

removed from a shelf, and a lantern which was hanging from a beam inside the carport.

■ Minor contends that there was no burglary because the carport is not a "building" within the meaning of Penal Code section 459. Section 459 provides in pertinent part as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach . . . mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. . . ."

In support of his contention that entering the carport could not constitute a burglary, minor cites *People* v. *Gibbons* (1928) 206 Cal. 112, 113-114 [273 P.32], wherein the Supreme Court held that a bin having three sides and a roof was not a building within the statute defining burglary.

In *Gibbons*, the information charged the defendant with unlawfully entering "'the outhouse and building'" with the intent to commit larceny therein. (See *People* v. *Gibbons, supra*, 206 Cal. 112, 114, dis. opn. of Shenk, J.) The court remarked that although the common law required that the building be a human habitation, this is not necessary under the statute but "the structure need only be one having four sides and a roof."

*Gibbons* is inapposite to the present facts. Here the minor was alleged to have entered a "dwelling house," which is a place of human habitation. Therefore, the issue is not, as minor contends, whether a carport is a "building" within the statute, but rather, was the carport a part of the dwelling house.

If the carport was a detached building, minor had the opportunity to raise the issue in the trial court. Since he did not do so the court did not specifically mention the carport. However, after hearing the testimony and viewing the drawing representing the Thomas residence,[1] the court found true the allegation that minor had entered the dwelling house of David Thomas with the intent to commit the crime of theft.

Viewing the evidence in a light most favorable to the judgment, as we must, it is presumed that the carport was attached to and an integral

---

[1]The drawing representing the Thomas residence was used by the witnesses in connection with their testimony. The minor has not made the drawing a part of the record on appeal.

part of the dwelling house. As such, even under the common law, an entry would constitute a burglary.

In *People* v. *Stickman* (1867) 34 Cal. 242, 244, the Supreme Court was called upon to determine whether a chicken house, which was a portion of a barn and not attached to a dwelling house, was a house within the meaning of the burglary statute. The court observed, "The dwelling house, according to Lord Hale, includes the privy, barn, stables, cow houses, dairy houses, if they are parcel of the messuage, though they are not under the same roof or joining contiguous to it. (1 Hale P. C. 558.) And when a burglary is committed in one of these outbuildings the indictment may charge the offense as done in the mansion house."

The Supreme Court then noted that the first definition of the offense found in our statute (Stats. 1850, ch. 99, § 58, p. 235) abolished all the nice distinctions of the common law by the use of the language, "any dwelling house, or any other house whatever, or tent, or vessel, or other water craft"—language, the court noted, broad enough to include buildings of any kind and used for any purpose.

The court went on to state that when the California statute was amended in 1858 (Stats. 1858, ch. 245, § 1, p. 206) substituting the words "any house, room, apartment or tenement," for the words "any dwelling house, or any other house whatever," "[t]he change was not made for the purpose of narrowing the previous definition, but with the intent to leave it as broad as at first and to meet the doctrine advanced by some of the cases, that an entry into an unoccupied room or apartment of a dwelling house was not a burglary." (*People* v. *Stickman, supra,* 34 Cal. 242, 245.)

The *Stickman* court's perception of the legislative intent was obviously correct. The language of Penal Code section 459 could hardly be more comprehensive. A comparison of the burglary statute as originally enacted with the present one shows that "The amendments have gradually drawn tight the loophole through which a defendant might hope to escape by showing that the structure entered was not within the statute." (Comment (1951) 25 So.Cal.L.Rev. 75, 77.)

Moreover, the courts, confronting the question as to what constitutes a house or building *within the meaning of these extensions* have generally followed the legislative purpose of extending protection. Structures

held to have been capable of being burglarized include a beam house of a tannery (*People* v. *Schafer* (1911) 161 Cal. 573 [119 P. 920]), a railroad car (*People* v. *Jefferson* (1877) 52 Cal. 452), a popcorn stand (*People* v. *Burley* (1938) 26 Cal.App.2d 213 [79 P.2d 148]), a dug-out powder magazine (*People* v. *Buyle* (1937) 22 Cal.App.2d 143 [70 P.2d 955]), and a boat clubhouse (*People* v. *Ostrander* (1913) 23 Cal.App. 241 [137 P. 619]).[2]

It would indeed be anomalous if the definition, devised by the courts to enlarge the protection afforded by the legislative extensions to "other buildings," should now be used to remove a portion of the dwelling house itself from the protection of the statute.

In *People* v. *Franco* (1926) 79 Cal.App. 682, 684 [250 P. 698], the court held that showcases fastened along the walls and sides of a stairway leading from the sidewalk down to the store and which were covered by the roof of the building were in legal effect part of the store and the entry of the place where they were situated was a sufficient entry to constitute the statutory offense of burglary. (See also *People* v. *Jackson* (1933) 131 Cal.App. 605 [21 P.2d 968].)

We conclude that with respect to a carport appurtenant to the dwelling house, the requirement of a structure with four walls is satisfied by the dwelling house itself and it is unnecessary to find, as minor contends, that the carport alone satisfies the definition of a separate "building." An entry into such portion of a dwelling house is a sufficient entry to constitute the offense of burglary.

The judgment is affirmed.

McDaniel, J., concurred.

**GARDNER, P. J.**—I dissent.

I cannot agree that because a carport is attached to a dwelling house, it becomes such a part of that structure as to come within the burglary statute.

---

[2]Additionally, the Supreme Court has held that entering the surface of mining property with intent to commit grand or petit larceny or any felony thereon is burglary, even in the absence of any structure. (*People* v. *Silver* (1940) 16 Cal.2d 714, 721 [108 P.2d 4]. See also *People* v. *Alexander* (1966) 244 Cal.App.2d 301 [53 Cal.Rptr. 65], where the court held that gas well property was a mine within the meaning of the statute, but expressed the view that defendant's conviction might also be sustained for entering a gas meter shelter which was open on one side.)

I like the basic definition of *Gibbons* and *Stickman* that a building is a structure having walls on all sides and covered by a roof. If we were to accept the majority's contention that just because a carport is attached to a house it becomes such an integral part of the house as to come within the burglary statute, then why not a covered porch, a covered attached patio, an attached pergola or an attached arbor? I have a covered porch. On it are some potted plants. On the uncovered steps to the porch are some other potted plants. Under the majority's opinion, the thief who steals the potted plants off the steps is a petty thief. But when he breaks the plane by sticking his arm under the overhang to get a plant on the porch he commits a felony. Unhappy though I may be with the thief who steals my potted plants, he is still only a petty thief whether he steals them off the steps or off the covered porch.

There have been some strange and wonderful contraptions defined as buildings within the burglary statute—telephone booths, popcorn stands, chicken houses, dugouts (see authorities listed in Comment (1951) 25 So.Cal.L.Rev. 75, 83; and 1 Witkin, Cal. Crimes, § 455). However, each of these come within the basic definition of *Gibbons* and *Stickman.* Each was walled on all sides and each had a roof.

A carport is not walled on all sides. It is not a building within the meaning of Penal Code section 459. The mere fact that the carport enjoys one common wall with the house does not make it a part of the dwelling house for the purpose of the burglary statute. With the great increase in the cost of housing, carports are becoming an increasingly important part of our building culture. Some are attached to houses. Some are separate structures. I think it is going to add unnecessary confusion to the law to have those carports which are separate structures and those carports which share a common wall with the house carry two separate definitions in our criminal law.

I would reverse. This carport is not a building within the meaning of Penal Code section 459.

Appellant's petition for a hearing by the Supreme Court was denied April 10, 1980. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.