## JAMES ALCORN v. THE STATE.

PRIVILEGE TAX. *Code* 1892, ¿ 3390. *Store. Goods furnished tenants only.*

Under ¿ 3390, code 1892, imposing a privilege tax "on each store," the owner of a large plantation having numerous tenants, who keeps a store from which he furnishes supplies to the tenants at the usual credit prices, for profit, is liable to the tax, although he only keeps such goods as are necessary for the tenants, and refuses to sell to any others.

FROM the circuit court of the second district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*Glover & Sawyer*, for appellant.

If the appellant is required to pay a privilege tax, it will be virtually to tax a business not contemplated by the statute.

Under such a rule, any landlord who buys that which is necessary to furnish to his tenants, would be liable to the tax. Furnishing supplies to tenants is so closely connected with the business of leasing land for agricultural purposes that § 2445, code 1892, gives a lien for supplies so furnished. The law makes a distinction between ordinary debts due merchants and those due lessors for supplies. Where the number of tenants is so large that a place for keeping and delivering the goods is necessary, and the services of clerks becomes essential, the landlord still is not a merchant, nor is he carrying on a store in the sense of the statute, if he does not sell to others. The very contract of lease includes the right to furnish supplies. Without such a system, the agricultural interests of the state would suffer. The state does not intend specially to tax any privilege for furthering the cultivation of land within its borders.

*E. Mayes*, on the same side.

*Frank Johnston*, attorney-general, for the state.

The appellant was running a supply store on his plantation, and he is clearly liable for the tax. He charged the regular credit prices for his goods. It is immaterial that his customers were confined to his own tenants. It was optional with him to whom he would sell. Where the usual credit prices of a general merchant are charged, and profits are realized, the landlord is unquestionably within the statute.

WOODS, J., delivered the opinion of the court.

The appellant was indicted and convicted for conducting a store in which the stock exceeded $2,000, but never exceeded $3,500, without first having paid the privilege tax for so doing.

From the agreed statement of facts, upon which the case was tried by the court below, a jury having been waived, it appears that the appellant is the owner of a large plantation,

on which he has about five hundred tenants; that on this plantation he has a store, and a corps of clerks working in said store, said clerks being necessary to carry on the business. By the contract between the defendant and his said tenants, it was the duty of the former to furnish the latter with all necessary goods, provisions, etc. In this store were kept all things necessary to furnishing the said cotton plantation, and the goods, provisions, etc., were sold to the tenants for a profit, and at the customary credit prices charged by merchants generally; but no goods were sold from the store to persons who were not tenants of the defendant. The privilege tax imposed by our law in cases of this character is not upon mercantile firms or upon individuals engaged in the selling of merchandise, but upon *stores*. That the establishment on the plantation was a store, seems hardly open to controversy. It is called a store, in terms, by the agreed statement of facts, and the recitals in that statement perfectly demonstrate that it is a store in the common and proper acceptation of that word. Business to the amount of thousands of dollars is there annually conducted; goods are sold at credit prices for customary profits, as with merchants generally, and a corps of clerks is employed to transact this large and presumably profitable mercantile venture. That alone which distinguishes it from other stores is the fact that the proprietor, for reasons known and satisfactory to himself, sells only to a selected class of customers; but every owner of a store has the right to, and does, select his own customers.

The judgment of the court below was correct, and is

*Affirmed.*