## HULL v STATE

Ohio Appeals, 2nd Dist, Madison Co

No 119.   Decided Nov 21, 1935

D. M. Richmond, London, for plaintiff in error.

D. H. Jackman, London, for defendant in error.

**OPINION**

By BODEY, J.

In our consideration of the answer to this question we are advised by counsel that the term "depository box" has been nowhere defined either in a dictionary or in a published legal opinion. However, each of the words comprising this term has been and is separately defined. It is contended by counsel for the plaintiff in error that it was the intention of the legislature in enacting this statute to impart to the term "depository box" the meaning of a "safety deposit box in a bank." Coun-

sel insist that we should go outside the record and if possible ascertain the thought of the particular legislator who introduced this legislation, and there is attached to the brief of plaintiff in error the affidavit of the author of the original legislation. While we do not concede that we have the privilege of taking into consideration this extraneous matter, we note from an examination of the affidavit that the term "depository box" was not employed by the author when the bill was originally introduced. The words originally contained in the bill instead of this term were "box or depository." There is a marked difference between the meaning of the words "box or depository" and the term "depository box." The term which now appears in the section in question was placed there by the Senate on amendment and that amendment, according to the affidavit, was concurred in by the House. Even if the court could examine and place reliance upon the affidavit of the author of this original section, the final determination of the question would depend upon the intent of the entire legislature when it passed the bill containing a term different from that which appeared when the same was first presented for passage. We quote from 37 O. J., §278, as follows:

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. To interpret what is already plain is not interpretation, but legislation, which is not the function of the courts, but of the general assembly. Some statutes, it has been declared, are so clear that an attempt to make them clearer is a vain labor and tends only to obscurity. An unambiguous statute is to be applied, not interpreted."

We also quote from §281 of the same Volume:

"In the construction of the statutes it is the express legislative intent that is of importance. The law does not concern itself with the legislature's unexpressed intention. **The question is not what the general assembly intended to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed or to have intended to express its entire meaning by the import of the language used.**" (Emphasis ours).

Since the legislature has made use of a term consisting of two words, each of which

has a well defined meaning, we believe that we should construe the language employed by giving to each of the words its accepted meaning. The word "depository" is defined in Webster's New International Dictionary as "a place where anything is deposited, as for safe-keeping or for sale." The word "box" is defined by the same authority as "a receptacle of any firm material characteristically having, or adapted for having, a lid or cover." We, therefore, conclude that a "depository box" is a receptacle of some firm material having, or adapted for having, a lid or cover in which something is deposited for safe keeping. Does the money drawer described in evidence in this case and referred to in the brief of plaintiff in error come within this definition? We believe that it does. When this drawer was closed and locked, as it was when this crime was committed, it became a box which had a lid or cover. When the money drawer was open and drawn from the counter it was likewise a box which was adapted for having a lid or cover. We do not distinguish between a box which may have a lid or cover fastened by hinges and which must be raised in order to open the box. A receptacle is likewise a box if it is in the form of a drawer which must be drawn open or pulled out in order to remove the lid therefrom.

It is our conclusion that the money drawer described in the evidence was a depository box within the meaning of the terms of §12440 GC. The evidence having disclosed that the defendant below, plaintiff in error here, maliciously and forcibly forced this money drawer in which was contained the sum of $8.00 in currency, it follows that he was properly convicted for a violation of the above quoted section. This being the only error complained of, we hold that the judgment and sentence of the trial court should be affirmed. Exceptions.

BARNES, PJ, concurs.
HORNBECK, J, not participating.