**UNITED STATES v. BECK et al.**

**No. 57.**

District Court, N. D. Iowa, W. D.

Jan. 4, 1941.

Tobias E. Diamond, U. S. Atty., of Sioux City, Iowa, Wm. B. Danforth, Asst. U. S. Atty., of Mason City, Iowa, and Mary Connor Myers, Principal Atty., Solicitor's Office, Department of Agriculture, of Washington, D. C., for plaintiff.

Harry H. Miller, A. D. Clem, and Wilbur Owen, all of Sioux City, Iowa, for defendants.

SCOTT, District Judge.

1. An action by United States ex rel. Secretary of Agriculture, in pursuance of Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., to enforce the provisions of Order No. 48, regulating the handling of milk in the Sioux City, Iowa, marketing area. The order, after a public hearing, as provided by the act, found: "That all milk which was produced for sale in the marketing area is handled in the current of interstate commerce or so as directly to burden, obstruct, or affect interstate commerce in milk or its products."

The order was published in the Federal Register as required by the Federal Register Act, 44 U.S.C.A. § 301 et seq., on April 4, 1940.

2. The defendants, Beck, Mahaney, Melheim, Munro, Peterson, Richardson, Zook and Wolle are each a citizen of the State of Iowa, residing and doing business in Sioux City, Iowa, in the Northern District of said state and the Western Division thereof.

3. All of the defendants, since the effective date of the order, have been engaged continuously in purchasing and receiving milk from producers, associations of producers, or other handlers, all, or a portion, of which milk is disposed of as milk in the marketing area, and have been engaged in processing, distributing and handling milk in the marketing area in competition with all other handlers in such area. Such handling of milk by said defendants is in the current of interstate commerce as defined in Section 10(j) of the Act, 7 U.S. C.A. § 610(j), and directly burdens, obstructs and affects interstate commerce in milk marketed within the marketing area, and each of said defendants is, therefore, a handler of milk as defined in Section 8c (1) of the Act, 7 U.S.C.A. § 608c(1), and in Section 948.1(a) (4) of the order, and is subject to the applicable provisions of the act and of the order.

4. Section 948.8(d) of the order requires that on or before the seventh day after the end of each delivery period, each handler shall pay to the Market Administrator for payment to producers through the Producer-Settlement Fund, established pursuant to Section 948.8(c), the amount by which the total value of the milk purchased or received by him from producers during said delivery period, computed at the class prices set forth in the order in accordance with Section 948.7(a) of the order, is greater than the amount obtained by multiplying the hundredweight of such milk by the uniform price computed and announced for such delivery period by the Market Administrator, in accordance with Section 948.7(b) of the order.

5. Defendants, since the effective date of the order, have failed and refused to make said payments and, therefore, have violated said provision of the order.

6. Section 948.9(a) of the order provides that as his pro rata share of the expense of administration of the order, each handler shall pay to the Market Administrator on

or before the seventh day after the end of each delivery period, an amount not to exceed two cents per hundredweight of milk handled by him for such delivery period. Defendants, since the effective date of the order, have failed and refused to make such payments, and, therefore, have violated said provision of the order. Defendants owe to the Market Administrator for account of said administration expense the following amounts for the delivery periods from the effective date of the order to and including May 15, 1940, except the defendant Roy Peterson, whose indebtedness for the period May 15 to May 31, inclusive, 1940, is included in the amount listed:

| Trade name of defendant | Pro rata share of administration expense |
| --- | --- |
| Beck's Dairy | 22.33 |
| Johnson Sanitary Dairy | 6.62 |
| H. Munro Dairy | .54 |
| Roy Peterson Dairy | 10.08 |
| Ora Richardson Dairy | 5.31 |
| Spic and Span Dairy | 5.48 |
| Wolle's Bungalow Ice Cream & Milk | 28.45 |

7. Section 948.5 of Order No. 48 provides that on or before the fifth day after the end of each delivery period each handler shall file with the Market Administrator reports containing specified information. Defendants have failed and refused to file said reports from May 15, 1940, to the date of the filing of this complaint, except defendant Roy Peterson who has failed and refused to file said reports from May 31, 1940, to the date of the filing of this complaint. All defendants herein, therefore, have violated said provision of said order.

8. The foregoing findings rest upon the allegations of the complaint and the admissions of the answers, except that as to Finding No. 3, which rests upon Paragraph IV of the complaint, defendants while admitting the purchasing and receipt of milk in the marketing area, deny that the milk handled by them was in the course of interstate commerce. However, defendants do not attack the finding of the Secretary of Agriculture as arbitrary or made without substantial evidence.

9. After the defendants had all answered, plaintiff presented a motion for summary judgment upon the ground that defendants by their answers raised no issue of fact. The motion was argued and submitted with the case upon the pleadings and very meagre testimony in support of the motion, including Federal Register, Vol. 5, No. 66, and particularly Order No. 48 at page 1311 thereof.

10. The evidence before the court is insufficient from which to determine even approximately the amount which the several defendants would have to pay to conform with the order of the Secretary of Agriculture on past business.

### Conclusions of Law.

1. From the foregoing facts the court concludes as a matter of law that the plaintiff is entitled to a decree enjoining the several defendants from further violating the order declared upon in plaintiff's complaint, and a mandatory injunction directing and commanding the defendants to make all payments hereafter accruing, as required by the order, and in all other respects to conform with said order in the future, including reports as required by the order as to past business.

2. That the evidence in the case is insufficient to warrant the court in entering summary judgment against the defendants or any of them for past payments.