**KAISER v WHETSTONE et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3311. Decided Feb 20, 1941

Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff-appellee.
Albietz & Scott, Columbus, for defendants-appellants.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Common Pleas Court of Franklin County, Ohio.

For the benefit of counsel in future cases, we might state that appellants erroneously designate their appeal as on law and fact, whereas it should be on law. All difficulty will be removed if counsel will keep in mind that the only instance in which the appeal is designated as on law and fact is where the action is one in chancery.

This incorrect designation is not vital, since we may and do determine that the case can not be heard as an appeal on law and facts, but will be heard as an appeal on law.

Counsel for appellants have treated the appeal as one on law, and hence there is no reason for extending the privilege for the preparation and allowance of a bill of exceptions.

Another matter to which we call attention is that under the new Procedural Act the errors complained of are designated as assignments of error and not petition in error, as designated by counsel for appellants.

In all appeals under the new Procedural Act, petition in error is unknown. However, we will accept the petition in error as an intended compliance.

The action originated in the Municipal Court of Columbus, Ohio. Plaintiff sought to recover against the defendants in the sum of $239.42, with interest, on a contract for material and labor in the installation of certain plumbing equipment in a residence property jointly owned by the defendants. The petition alleges that the total amount or charge was $439.42, upon which $200.00 had been paid.

The two defendants filed separate answers, each identical in substance. These answers admitted that plaintiff had performed certain work in connection with the premises of the defendants and denied all other allegations of the petition.

Before the case came on for trial, the defendant Jessie C. Whetstone died, and her husband, Harold Whetstone, was appointed administrator.

Plaintiff filed a supplemental petition, reviewing the action in the name of the administrator.

The administrator filed an answer, admitting his appointment and qualification.

The cause came on for trial before one of the judges of the Municipal Court of Columbus, Ohio, without the intervention of a jury.

Finding and judgment were returned for the plaintiff for the full amount claimed.

Notice of appeal was given and thereby this cause lodged in the Common Pleas Court of Franklin County, where the cause was submitted on the transcript of docket and journal entries, original papers and bill of exceptions, resulting in affirmance of the judgment of the trial court.

Within due time notice of appeal was given, planting the case in our Court.

Treating the so-called petition in error as an assignment of error, counsel sets out eight separately stated and numbered designated errors.

Appellants' brief does not follow the order of the assignments, and some are not discussed at all. We will take up the claimed errors as set out in the brief of counsel, and not others.

One of the first questions raised is that neither plaintiff, Hugo F. Kaiser, nor Harold Whetstone were competent parties to testify in the case by virtue of the pertinent portions of §11495 GC, which provides as follows:

"A party shall not testify when an adverse party is an executor or administrator, or claims or defends as an heir."

This claimed error is not well taken for the reason that the bill of exceptions which is filed in our court, as an original paper, discloses that defendants did not raise the question through objections to the testimony of plaintiff.

Not only were no objections made to plaintiff's testifying in chief, but thereafter he was cross-examined by counsel for defendants.

The cases of **Stream v Barnard, Executor, 120 Oh St 206**, and **Hubbell v Hubbell, 20 Abs 636**, are directly in point on this question, █ and in each case the announcement is made that failure to object and thereby invoke the provisions of §11495 GC, constitutes a waiver.

Counsel for appellee cites §11493 GC, which specifies exceptions to the rule and argues that even had the record been saved, the evidence would have been competent since Harold Whetstone was defending in person.

We have no difficulty in arriving at the conclusion that this claimed error is not well taken and that the Municipal Court not only had jurisdiction to hear the cause and committed no error in accepting the evidence of plaintiff since no objections were made thereto.

The remaining claimed errors may be summarized under the single claim that the amount of the judgment was contrary to law and against the weight of the evidence.

Defendant Harold Whetstone, while denying all liability in his answer, admitted in his testimony that plaintiff did have a just claim in the sum of $147.00; and thereby the controversy narrows down to the sum of $92.42.

Only two witnesses were presented, one being the plaintiff and the other the defendant. The testimony was directly conflicting and thereby the trial court was called upon to determine these disputed facts.

It was within the province of the trial court to accept the testimony of the plaintiff, if he determined it had greater probative force to the point of establishing the claim by preponderance of the evidence.

Reviewing courts are not █ inclined to disturb verdicts on mere conflicts.

The Common Pleas Court reviewed and sustained the judgment and we feel obligated to do likewise.

It is only when the finding and judgment of the trial court or jury are so manifestly against the evidence that reviewing courts will disturb them. A mere difference of opinion is not sufficient; it must be of such a character that it would shock the conscience to permit the finding to stand.

The judgment of the Common Pleas Court will be affirmed and the cause remanded to the Municipal Court for further proceedings according to law.

Costs in this Court will be adjudged against the appellants.

GEIGER, PJ. & HORNBECK, J., concur.

## APPLICATION FOR REHEARING

No 3311. Decided March 7, 1941

BY THE COURT:

The above entitled cause is now being determined on appellants' application for rehearing.

The reasons set out for rehearing were fully discussed in the original opinion.

Other than the section of the Code, we find no authority cited in the application.

The application for rehearing will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.