## Milk Control Commission v. Parris et al.

*Franklin B. Hosbach*, for plaintiff.

*Edward G. Petrillo*, for defendants.

EVANS, P. J., May 26, 1947.—This is an action in equity on bill, answer and testimony. Complainant seeks an injunction against defendants for alleged violation of the Milk Control Law of April 28, 1937, P. L. 417, as amended by the Act of July 24, 1941, P. L. 443.

From the pleadings, testimony, and stipulations of record, we make the following

### Findings of fact

1. The Milk Control Commission of the Commonwealth of Pennsylvania is the duly constituted authority to conduct proceedings for the enforcement of the Milk Control Law of 1937, as amended by the Act of 1941.

2. Defendants are owners and operators of the Automatic Vending Service in the City and County of Erie, Pa.

3. At the time these proceedings were instituted defendants purchased milk from "milk handlers" and retailed the same in half-pint containers through automatic vending machines located in some 40 manufacturing establishments, at the price of five cents per half pint.

4. The vending machines of defendants operate only from the insertion of a 5-cent piece, which releases for consumption one-half pint of milk for each such coin inserted in the machine.

5. The vending machines are conveniently located for use of employes of the manufacturing establish-

ment, and the milk purchased is consumed upon the premises.

6. In 90 percent of these manufacturing establishments where defendants' vending machines are located and in use similar machines are located nearby, vending candy, cigarettes, ice cream and soft drinks.

## Discussion

It is contended that defendants are violating official general order no. A-207 of the Milk Control Commission of the Commonwealth of Pennsylvania, dated July 15, 1946, which provides that those who purchase milk from producers and are known as "handlers" or "subhandlers" shall sell this milk at seven cents a half-pint bottle. It is further contended that unless the practice of defendants is restrained immediately, a price war and violation by other "handlers" of milk will result.

Defendants contend that they are guilty of no violation for the reason that they pay the "handler" according to the regulation of the commission and are themselves within the category defined in the Pennsylvania Milk Control Law as a "store". A "store" under said act, "includes a grocery store, hotel, restaurant, soda fountain, dairy products store, or any similar mercantile establishment which sells or distributes milk". The act exempts from its provisions stores selling milk all of which has been purchased or acquired from a licensed milk dealer or handler and which is for consumption on the premises at the store where sold.

The commission sites United States et al. v. Corinth Creamery, Inc., 21 F. Supp. 265; United States v. Rock Royal Co-op. Inc. et al., 307 U. S. 533, 59 S. Ct. 993; United States v. Elm Spring Farm, Inc., et al., 38 F. Supp. 508; and United States v. Beck et al., 36 F. Supp. 307, as authorities for its position that defendants are handlers of milk. Those cases all deal with handlers engaged in disposing of milk in a marketing area in competition with other handlers in such

area, but without the element present which exists in this case where the product is purchased and consumed on the premises. "Premises" may mean a room, shop, building, or definite area, but in any case a fixed locality. A store is a building or room in which goods of any kind are kept for sale. In People v. Burley, 26 Cal. App. (2d) 213, 79 P. (2d) 148, it was held that a popcorn stand mounted on small wheels was a store within the meaning of a burglary statute, notwithstanding it was not permanently affixed to realty. A "mercantile establishment" is a place where goods, wares or merchandise are offered for sale, and a booth six feet square where gum is sold comes within that category: People v. Luna, 165 N. Y. S. 832. A plantation store, selling to no one except the plantation's tenants, is a "store" notwithstanding it sells only to a select class of customers: Alcorn v. State 71 Miss. 464, 15 So. 37.

We are of the opinion that in each manufacturing establishment defendants are operating a "store" or "mercantile establishment" for the sale of milk to be consumed on the premises where sold, and are therefore exempt from the provisions of the general order no. A-207, applicable under the Milk Control Act to "handlers" or "subhandlers" as defined therein.

## Conclusions of Law

1. Defendants are not "handlers" or "subhandlers" of milk within the provisions of general order no. A-207 of the Milk Control Commission, dated July 15, 1946.

2. Defendants are operating a "store" or "mercantile establishment" for the sale of milk to be consumed on the premises where the vending machines are located and, under the regulations of the Milk Control Commission, are exempt from the provisions of the specific regulation fixing the retail price of milk at seven cents per half-pint bottle.

3. The bill should be dismissed.

4. Plaintiff should pay the costs of this proceeding.

## Decree

And now, to wit, May 26, 1947, it is ordered, adjudged and decreed:

1. The bill is dismissed.
2. Plaintiff shall pay the costs.

The prothonotary is directed to enter this decree nisi and give notice to the parties or their counsel, and if no exceptions thereto are filed within 10 days thereafter, the decree shall be entered as the final decree by the prothonotary as of course.