THE STATE OF OHIO, APPELLEE, *v.* ASPELL, APPELLANT.*

(No. 8029—Decided January 18, 1966.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. James A. Pearson*, for appellee.

*Mr. Joseph H. Hans*, for appellant.

*For decision on motion to set bond, see 5 Ohio App. 2d 230.

Duffey, J. This is an appeal from a judgment of the Common Peas Court of Franklin County convicting appellant of a felony under Section 2907.12, Revised Code. Appellant was charged with one count—that he "did maliciously and forcibly, by and with the aid of hand tools, force an entrance into a depository box containing money * * *."

Section 2907.12, Revised Code, provides:

"No person, by day or night, maliciously and forcibly, with the aid and use of any instrument, device, or explosive, shall blow or attempt to blow, force or attempt to force, an entrance into a safe, vault, or depository box wherein is contained any money or thing of value.

"Whoever violates this section shall be imprisoned not less than one nor more than twenty years."

Appellant has admitted that he did steal approximately $16 in change from a cigarette vending machine at Sandy's Drive-In on Cleveland Avenue in Franklin County. He is, of course, chargeable with, and subject to, punishment for that theft. In the present case we are only concerned with whether he was proved guilty of an offense under Section 2907.12, Revised Code.

The issues presented are:

(1) Is a cigarette vending machine a "depository box" as that phrase is used in Section 2907.12, Revised Code?

(2) Is there sufficient evidence of a forcible entry "with the aid and use of any instrument" as required by that statute?

The facts of record show that a coin-operated cigarette vending machine was placed adjacent to the outside wall of the Sandy's Drive-In building. The machine was encased in a metal cabinet, which originally had a partial door which could be closed and locked with a hasp and padlock, leaving access to the face of the machine itself. It was conceded by all the state's witnesses that this cabinet had been broken by repeated earlier robberies, and on the day in question it was not so locked. It was either open or could at least be opened without the use of force and without the aid of any instrument.

The machine itself was of metal with a door in the lower half. It locked with a simple latch operated by the insertion of a key. It, too, had been repeatedly robbed and contained scratchings and markings where it had been forced in the past.

About 45 minutes before the event, a police officer had driven up in his squad car, thrown his light on the machine, and without getting out of the car, observed that it "was intact" or "appeared" closed and intact. After appellant, Aspell, had stolen the coin box, the machine door was found open or "ajar."

On the inside of the machine was a small shelf upon which a Winston cigarette carton with the top torn off had been placed. This operated as a coin receptacle. The usual container was an open metal one, but this had been stolen on an earlier occasion.

It is apparent that neither the exterior cabinet nor the interior cigarette carton constituted a depository box, and that no instrument was used to force entry to either of them. We are dubious that a vending machine constitutes a depository box within the meaning of Section 2907.12, Revised Code. The only case interpreting that phrase appears to be *Hull* v. *State* (1935), 20 Ohio Law Abs. 635, an unofficially reported decision by the predecessor of this court. While expressing no opinion on the result there on its facts, we note that the opinion of the court makes no mention of the doctrine of "ejusdem generis" nor of the legal concept of a deposit or depository. A deposit generally connotes the placement of money or valuables with another for safekeeping, to be returned in kind or equivalent. In common parlance, a depository box refers to such a service offered by a financial institution through the device of boxes or containers kept in a vault with limited rights of access. However, in view of our conclusion that this case must be reversed on other grounds, no attempt will be made to make a definitive interpretation of the statutory phrase in this case.

The only instrument or tool relied upon by the state is exhibit No. 4, a screwdriver. A state witness identified it as one found under the seat of the auto in which appellant was riding. There is testimony that the tip of the screwdriver contained a speck of "blue gray" paint, together with some green paint. The exterior cabinet was identified as having a blue or blue gray paint. The machine did not have a blue or blue gray paint. It was in fact a "silvery" color and there was no blue or blue gray paint in the vicinity of the lock. In view of the fact that the state has conceded that there was no forcible entry of the exterior cabinet with the aid of any tool, the paint

speck evidence is of little probative value. There is also testimony as to many scratches and prying marks on the machine. However, both officers who examined the machine, as well as the vending company witness, could not testify whether these markings were old or new. One officer testified upon direct inquiry that the markings could have been old, and he could not describe them as new or old. Another testified that from his examination, "Well, I couldn't tell whether they [the marks] were fresh or not." The appellant denied the use of any instrument, and there was no evidence of an incriminating statement suggesting the use of an instrument. Aspell's testimony was that the door was slightly ajar when he approached it to purchase cigarettes, that he simply pulled it open, reached in and took the money box.

In our opinion, the evidence of record is insufficient to establish an essential element of the felony charged in the indictment, i. e., forcible entry with the aid of an instrument or device. The court, therefore, erred in failing to enter a directed verdict.

The judgment of the Common Pleas Court will be reversed and vacated. A final entry of dismissal may be submitted to this court.

*Judgment reversed.*

Troop, J., concurs.

Bryant, P. J., dissenting. After careful study, I have reached the conclusion that a cigarette machine which has a lock in working order and which is closed so that either a key or some instrument, such as a screwdriver or jimmy-bar, is required and is used forcibly to open it is a "depository box" within the meaning of Section 2907.12, Revised Code.

Having made that decision, I am of the opinion that there was more than sufficient evidence to support the verdict of the jury and that the judgment should be affirmed. While a cigarette machine may not be included in the meaning of safe or vault, the entire cigarette machine when locked can well be called a "depository box."

Whether the pan or receptacle into which the coins drop

is pasteboard or metal is entirely immaterial. Was the cigarette machine closed and locked and was an instrument used to force entrance? I believe the evidence showed clearly it was.

Jerry Woods, the first state witness, said it was, stating that the lock "on the inside of the machine itself was still intact, I mean it was a good lock." He testified that he and Ralph Baker on different days, but only a few days prior to November 16, 1964, had checked over the cigarette machine and that he (Woods) from memory "checked the machine out, locked it back up."

Deputy Sheriff Sam Powers, also a state witness, was a witness to events at the scene immediately before and after the alleged offense. From his view of the machine only a short while before the breaking, Powers stated flatly that while the outside cabinet had no lock "but the cigarette machine itself was intact."

Ervin Ralph Aspell admitted he was the thief who stole the money and a pack of cigarettes but denied using any force to enter the machine. The jury obviously rejected this denial. Aspell came close to admitting the charge when he testified the cigarette machine "was not locked, so I took and opened it." The jury had the advantage of seeing the witness testify. They also may have considered his admitted previous conviction in weighing his credibility. A screwdriver was found in the car used by the two defendants.

In my opinion the claimed errors are not well taken and should be overruled.