[No. B021658. Second Dist., Div. One. Oct. 6, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD EDWARD KNIGHT, Defendant and Appellant.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**COUNSEL**

Charlotte E. Costan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Donald E. De Nicola and Joseph P. Furman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ORTEGA, J.—**

### FACTUAL AND PROCEDURAL HISTORY

Defendant and appellant Ronald Edward Knight (appellant) and a confederate were interrupted while committing burglary at a construction site. In the ensuing confusion, appellant's cohort was struck by a pickup and killed. Appellant was tried and acquitted of murder and two counts of assault with a deadly weapon or by means of force likely to produce great bodily injury. He was convicted of two counts of second degree burglary at the construction site; count IV involving a construction trailer belonging to Graycon, Inc., and count V involving a "gang box" belonging to Warner Electric Company.

On each of the burglary counts appellant was sentenced to state prison for the high term of three years with execution of the sentence on count V stayed pending service of the sentence on count IV.

### CONTENTIONS ON APPEAL

I.   The trial court erred in sentencing appellant for two burglaries when the court itself made the factual finding that there was but one burglary.

II. The trial court erred in considering the death of the confederate as a factor warranting an upper term sentence.

I

■ Appellant's first contention indirectly raises the issue of whether appellant was properly convicted of burglary of the gang box; a contention addressed in depth by respondent. The question is whether the gang box constitutes a "building" within the meaning of Penal Code section 459. Count V charged appellant with entering the "business and building" occupied by Warner Electric Company.

We have viewed photographs of the gang box received as evidence in the trial. Testimony established that the box was used to store tools. The only verbal description of that object came during Cindy Johnson's testimony when a portion of her preliminary hearing testimony was read into the record, as follows: Question: "What are the dimensions and sizes of those gang boxes you're talking about?" Answer: "They vary in size. It's like six foot by four foot and about five foot tall." Question: "Like a tool shed?" Answer: "On wheels. Small, on wheels, tool shed that locks."

Respondent cites numerous cases showing that various structures have been found to be buildings; among them: a toolshed (*People* v. *Mendoza* (1911) 17 Cal.App. 157 [118 P. 964]), a telephone booth (*People* v. *Nunez* (1970) 7 Cal.App.3d 655 [86 Cal.Rptr. 707]), a popcorn stand mounted on small wheels approximately four to eight inches in diameter measuring eight feet by ten feet by seven feet, made of welded steel plates, consisting of floor, four walls and roof, entirely enclosed, and containing a door and two windows (*People* v. *Burley* (1938) 26 Cal.App.2d 213 [79 P.2d 148]).

In *People* v. *Buyle* (1937) 22 Cal.App.2d 143 [70 P.2d 955], a construction company powder magazine achieved the distinction of being classified as a building. A witness testified "that it was an excavation dug out of a hill, approximately 30 or 35 feet in depth, 6 feet in width and 6½ feet in height; that the floor was wooden planking, laid on dirt; that the rear, side walls and roof were formed of natural earth and rock, with some planks overhead to prevent a cavein; and that the door did not constitute the entire front wall, as there was a little space between its edge and the side walls." (At p. 148.)

*Buyle* referred to a Missouri case, *State* v. *Clark,* 221 Mo.App. 893 [288 S.W. 77], in which "a hole dug 3 or 3½ feet deep, 3 or 4 feet wide and 6 or 7 feet long, and covered by some boards and a tarpaulin, was held to be a building within the meaning of a penal law which declared every building

where intoxicating liquor was manufactured a public nuisance." (*People* v. *Buyle, supra,* 22 Cal.App.2d at p. 149.)

In *People* v. *Oliver* (1970) 129 Ill.App.2d 83 [262 N.E.2d 597], it was held that possession of keys for the purpose of unlawful entry into vending machines constituted the crime of possession of burglary tools. But this was under a statute prohibiting the possession of tools suitable for breaking into "any depository designed for the safekeeping of property." Several courts have come to similar conclusions under specific statutes not requiring them to determine that the device broken into was a building. (*Shumate* v. *Commonwealth* (Ky. 1968) 433 S.W.2d 340; *Koonce* v. *Commonwealth* (Ky. 1970) 452 S.W.2d 822; *State* v. *Aspell* (1966) 5 Ohio App. 2d 44 [213 N.E.2d 748]; *State* v. *Zumwalt* (1968) 7 Ariz.App. 348 [439 P.2d 511].)

Respondent has also demonstrated the Legislature's intent to extend the protection of the burglary statute to a wide variety of structures, an intent with which we do not quarrel.

In the instant matter, the jury was instructed, inter alia, that in order to find appellant guilty of burglary it must find that he "entered any business, business building or business structure." Thus, by its verdict, the jury determined that the gang box came within the provisions of Penal Code section 459. In spite of the liberality with which various courts have construed Penal Code section 459, we cannot find the evidence sufficient to justify the jury's finding.

While there is no shortage of cases telling us what a building is, there is precious little to tell us what a building isn't. *People* v. *Richards* (1888) 108 N.Y. 137 [15 N.E. 371] determined that an above-ground granite burial vault, 10 feet 4 inches by 16 feet 4 inches by 10 feet 6 inches, was not a building. But the court there did so by expressly refusing to consider any interpretation of "building" that was not within the common law and, therefore, gives us little assistance. Other cases deal with facts that are not remotely similar to ours.

The photographs placed into evidence are revealing. The gang box is nothing more than a large metal tool box. It has wheels and a handle by which it can be pulled. A chain through that handle secured it to Warner Electric Company's construction trailer. It opens at the front and is slightly narrower at the top than at the bottom, but otherwise most closely resembles a small trash dumpster. This is not the type of man-made object Penal Code section 459 was designed to protect. If this is a "building," then so is a clothes dryer; the difference being one of degree in that the dryer is smaller and designed to hold something other than tools. That a human being might

somehow fit inside either makes neither a "building." The Legislature has adequately protected such property in part 1, title 13, chapter 5 of the Penal Code commencing with Penal Code section 484. We decline the opportunity to extend additional protection by torturing the word "building" to include the gang box. The judgment as to count V must be reversed.

## II

■ In sentencing appellant to the upper term, the trial court referred to the appellant's extensive record involving burglaries. (Cal. Rules of Court, rule 421). No further justification was required for imposition of the upper term. Appellant's contention that the court might have imposed the middle term had it not also relied on the violent outcome of the incident is unavailing. The court did state that appellant's conduct had contributed to his partner's death and that this gave the burglary "some added significance and some added weight" and that "a death that occurred in this burglary is something that has to be considered." However, the probation report revealed an extensive history of criminal conduct commencing in 1965 when the appellant was 15 years of age. He had five prior convictions for burglary plus several other convictions. No reasonable trial court would have imposed anything less than the upper term. It is not necessary for us to determine whether the court committed error in relying on a factor the appellant had been relieved of responsibility for. The outcome was not affected.

### DISPOSITION

The judgment as to count V is reversed. In all other respects, the judgment is affirmed.

Spencer, P. J., and Devich, J., concurred.